Mara E. Rosales (SBN: 104844)
mrosales@meyersnave.com
Joseph M. Quinn (SBN: 171898)
jquinn@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767

David L. Alexander, Port Attorney (SBN: 59069)
dalexander@portoakland.com
Danny Wei Wan, Deputy Port Attorney (SBN: 168323)
dwan@portoakland.com
PORT OF OAKLAND
530 Water Street
Oakland, CA 94607
Telephone: (510) 627-1136
Facsimile: (510) 444-2096

Attorneys for Defendants
CITY OF OAKLAND and
PORT OF OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity,<br><br>Defendants. | CASE NO.<br><br>CV 07 6058<br><br>**NOTICE OF REMOVAL (FEDERAL QUESTION)** |

Defendants' Notice of Removal

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, CITY OF OAKLAND, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity, (collectively "Defendants"), hereby remove this case from the Superior Court of Alameda County to the U.S. District Court for the Northern District of California.

In support of this removal, Defendants state as follows:

1. **The Action.** On July 6, 2007, Plaintiff American Civil Rights Foundation, ("Plaintiff") filed a taxpayer action against Defendants entitled *American Civil Rights Foundation, a non-profit, public benefit corporation v. City of Oakland, California, a political subdivision of the State of California, and the Port of Oakland, a public entity,* Case No. RG07334277, in the Superior Court of Alameda County.

Plaintiff alleges that Defendants' implementation and enforcement of the Airport Concession Disadvantaged Business Enterprise Program ("ACDBE Program") which governs and guides the award of public concession contracts at Oakland International Airport, discriminates against, and grants preferential treatment to, individuals and groups on the basis of race, sex, color, ethnicity, or national origin in violation of Article I, section 31 of the California Constitution (Proposition 209). (See Complaint at ¶¶ 10 and 22-27).

Defendants demurred to Plaintiff's Complaint on several grounds including, *inter alia*, that because the Port of Oakland has entered into *federal* grant agreements with the United States of America through the United States Department of Transportation and the Federal Aviation Administration which require compliance with *federal* affirmative action requirements - including 49 CFR Part 23 - Proposition 209 does not apply. Defendants further contend that the *federally mandated* ACDBE Program complies with 49 CFR Part 23's "race-conscious" requirement and is entirely consistent with the limitation in Article I, section 31 (h) of the California Constitution which restricts the application of Proposition 209's prohibitions in situations where, as here, "any parts of [Proposition 209's prohibitions] are found to be in conflict with federal law." (Cal. Const. art. I § 31 (h).) (See Memorandum of Points and Authorities in Support of Defendants' Demurrer to the Complaint at 4:1-14:22.)

///

Plaintiff's Opposition to the Demurrer confirms that questions of federal law pervade this action. In Plaintiff's view the ACDBE Program is facially unconstitutional under Proposition 209 because it is allegedly a discriminatory race and gender based program which does not meet any exception under Article I, section 31 for federally-mandated race-conscious programs. Plaintiff also argues in the alternative that Defendants' ACDBE Program fails to satisfy the requirements of 49 CFR Part 23 because it is unsupported by a disparity study, which it contends is required under federal constitutional law and Part 23 itself. These arguments clearly describe the Complaint as stating federal issues and claims and thus, subject to removal.

Filed concurrently herewith, in Volumes 1 through 4, are true and correct copies of Plaintiff's Complaint, Defendants' Memorandum of Points and Authorities in Support of Defendants' Demurrer to the Complaint, Plaintiff's Opposition to Defendants' Demurrer, and all other pleadings and papers filed in the Superior Court of Alameda County of which Defendants are aware. For the convenience of the court and parties' to this action, attached as Exhibit A is a true and correct copy of the index to these Volumes.

2. **Statutory Grounds for Removal.** This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that the claims and defenses upon which the parties rely arise under the laws of the United States. Defendants allege that Proposition 209's prohibitions are in conflict with the federally-mandated requirements of the ACDBE Program. Thus, where, as here, Plaintiff has brought a state constitutional challenge to a federal program governed by 49 CFR Part 23, and Defendants have asserted a defense based on the application of federal law, this Court has original jurisdiction to resolve the federal question presented. To the extent Plaintiff asserts state law claims, this Court may exercise jurisdiction over such claims pursuant to 28 U.S.C. §§1367(a) and 1441(c) and related provisions of law.

3. **Venue.** The United States District Court for the Northern District of California is the federal judicial district embracing the Superior Court of the State of California, County of Alameda, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a) and related laws.

///

4. **Timeliness of Removal.** Pursuant to 28 U.S.C. §1446(b), "[i]f the case stated by the initial pleading is not removable, the notice of removal may be filed within thirty days after the receipt by *defendant*...of a copy of [a]...paper from which it may be first ascertained that the case is one which is or has become removable...." (*Ibid*, emphasis added.) This Notice of Removal is timely because Defendants were served with Plaintiff's Opposition to Defendants' Demurrer to the Complaint, wherein Plaintiff clearly frames the issues raised in its Complaint as implicating questions of federal law, on November 26, 2007, and the instant Notice of Removal is being filed within thirty days of said service.

5. **Notice of Removal.** Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel hereby certifies that the a true copy of the Notice of Removal to Adverse Parties and State Clerk will be promptly filed with the Clerk of the Superior Court of the State of California, County of Alameda, and served upon all adverse parties.

6. **Joinder of All Defendants.** As evidenced by the signature of their counsel, below, all Defendants hereby join in this Notice of Removal.

Dated: November 29, 2007

Meyers, Nave, Riback, Silver & Wilson

By: /s/ Mara E. Rosales
Mara E. Rosales
Attorneys for Defendants
CITY OF OAKLAND and
PORT OF OAKLAND

# Exhibit A

## INDEX TO ALAMEDA COUNTY SUPERIOR COURT RECORD

| Tab. No. | Description | Date |
|---|---|---|
| **VOLUME 1** | | |
| 1. | Complaint for Declaratory and Injunctive Relief (CCP §§ 1060 & 520a) | 07/06/07 |
| 2. | Civil Case Cover Sheet Filed for American Civil Rights Foundation | 07/06/07 |
| 3. | Summons on Complaint Issued and Filed | 07/06/07 |
| 4. | Initial Case Management Conference 11/19/2007 08:30 AM D- 21 | 07/09/07 |
| 5. | Notice of Judicial Assignment for All Purposes Issued | 07/09/07 |
| 6. | Declaration of Service Filed re: Notice of Judicial Assignment for All Purposes and Notice of Case Management Conference and Order | 07/23/07 |
| 7. | Defendants City of Oakland and Port of Oakland's Stipulation for Extension of Time to Answer Complaint | 08/10/07 |
| 8. | Order Granting Stipulation and Order Re: Extension of Time | 08/13/07 |
| 9. | Proof of Service of Summons by Mail Filed | 08/20/07 |
| 10. | Notice of Acknowledgment of Service Filed | 08/20/07 |
| 11. | Proof of Service of Summons by Mail Filed | 08/20/07 |
| 12. | Notice of Acknowledgment of Service Filed | 08/20/07 |
| 13. | Stipulation Re: Memoranda in Excess of Page Limitation (Other Ex parte) Filed: | 09/10/07 |
| 14. | Order Granting Stipulation Re: Other Ex parte | 09/11/07 |
| 15. | Joint Defendants' Notice of Demurrer and Demurrer to Plaintiff's Complaint Filed by City of Oakland, California, a political subdivision of the State of California with:<br>Memorandum of Points and Authorities in Support of Defendants' Demurrer to the Complaint<br>Proof of Service<br>[Proposed] Order Sustaining Defendants' Demurrer to Plaintiff's Complaint | 09/24/07 |
| **VOLUME 2** | | |
| 16. | Joint Defendants' Request for Judicial Notice in Support of Their Demurrer to the Complaint (Set 1 of 2) | 09/24/07 |
| **VOLUME 3** | | |
| 17. | Joint Defendants' Request for Judicial Notice in Support of Their Demurrer to the Complaint (Set 2 of 2) | 09/24/07 |
| **VOLUME 4** | | |
| 18. | Declaration of Rowena Quindiagan in Support of Defendants' Demurrer Filed | 09/24/07 |
| 19. | Stipulation and [Proposed] Order filed re: Other Ex parte Filed: | 09/25/07 |
| 20. | Stipulation Re: Other Ex parte Granted | 09/27/07 |

## INDEX TO ALAMEDA COUNTY SUPERIOR COURT RECORD

| | | |
|---|---|---|
| 21. | Joint Defendants' Notice of Motion and Motion to Strike Portions of Plaintiff's Complaint with Memorandum of Points and Authorities in Support Filed by City of Oakland, California, a political subdivision of the State of California with:<br>Declaration of Danny Wan in Support of Defendants' Request for Judicial Notice in Support of Defendants' Demurrer to the Complaint and Motion to Strike<br>Proof of Service<br>[Proposed] Order Granting Defendants' Motion to Strike Portions of the Complaint<br>Joint Defendants' Request for Judicial Notice in Support of Their Motion to Strike Portions of the Complaint | 10/25/07 |
| 21. | Joint Case Management Statement Filed | 11/01/07 |
| 22. | Case Management Conference Order Issued | 11/01/07 |
| 23. | Plaintiff's Opposition to Joint Defendants' Motion to Strike Portions of Plaintiff's Complaint Filed | 11/26/07 |
| 24. | Plaintiff's Opposition to Joint Defendants' Request for Judicial Notice in Support of their Demurrer to the Complaint and Motion to Strike Portions of the Complaint | 11/26/07 |
| 25. | Plaintiff's Opposition Defendants' Motion for Demurrer Filed | 11/26/07 |
| 26. | Plaintiff's Request for Judicial Notice in Support of Opposition to Joint Defendants' Demurrer to Complaint, and Opposition to Motion to Strike Portions of the Complaint Filed for Plaintiff | 11/26/07 |
| 27. | Declaration of Joshua P. Thompson in Support of Plaintiff's Request for Judicial Notice in Support of Its Opposition to Joint Defendants' Demurrer to Complaint, and Opposition to Joint Defendants' Motion to Strike Portions of the Complaint Filed | 11/26/07 |
| 28. | Appendix Non-California Authorities Volume 1 of 2 Filed | 11/26/07 |
| 29. | Appendix of Non-California Authorities Volume 2 of 2 Filed | 11/26/07 |
| 30. | Association of Attorneys Filed | 11/27/07 |

# PROOF OF SERVICE

I am employed in the City of San Francisco and County of San Francisco, California. I am over the age of 18 years and not a party to the within action. My business address is MEYERS, NAVE, RIBACK, SILVER & WILSON, 575 Market Street, Suite 2600, San Francisco, California 94105.

On November 30, 2007, I served the within:

**CIVIL COVER SHEET [FEDERAL]**
**NOTICE OF REMOVAL**
**COUNTY OF ALAMEDA SUPERIOR COURT RECORD VOLUMES 1 – 4**
**FILED IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Sharon L. Brown<br>Alan W. Foutz<br>Pacific Legal Foundation<br>3900 Lennane Drive, Suite 200<br>Sacramento, California 95834 | Attorneys For Plaintiff,<br>American Civil Rights Foundation<br>Telephone: (916) 419-7111<br>Facsimile: (916) 419-7747<br>*Copy of Notice of Removal only*<br>*Tracking No. B10208390853* |

__X__ **(BY OVERNIGHT MAIL)** I caused each such envelope to be sent by California Overnight, delivery guaranteed by 5:00pm the next business day, to the offices of each addressee above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED at San Francisco, California, on November 30, 2007.

_____
Jamie Benson

1033800v1

4

Defendants' Notice of Removal