1  Mara E. Rosales (SBN: 104844)
   mrosales@meyersnave.com
2  Joseph M. Quinn (SBN: 171898)
   jquinn@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   575 Market Street, Suite 2600
4  San Francisco, CA 94105
   Telephone: (415) 421-3711
5  Facsimile: (415) 421-3767

6  Attorneys for Defendants
   CITY OF OAKLAND and
7  PORT OF OAKLAND

8  David L. Alexander, Port Attorney (SBN: 59069)
   dalexand@portoakland.com
9  Danny Wei Wan, Deputy Port Attorney (SBN: 168323)
   dwan@portoakland.com
10 PORT OF OAKLAND
   530 Water Street
11 Oakland, CA 94607
   Telephone: (510) 627-1136
12 Facsimile: (510) 444-2096

13 Attorneys for Defendant
   PORT OF OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity,<br><br>Defendants. | CASE NO. CV 07-6058 (JCS)<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (FRCP 12(b)(6))<br><br>Date:       January 18, 2008<br>Time:       9:30 A.M.<br>Courtroom:  A<br>Judge:      Hon. Joseph C. Spero |

The Motion of Defendants City of Oakland and Port of Oakland came on regularly for hearing before this Court on January 18, 2008 at 9:30 a.m., with Magistrate Joseph C. Spero presiding. Defendants were represented by Mara E. Rosales and Joseph M. Quinn of Meyers, Nave, Riback, Silver & Wilson; Plaintiff was represented by Sharon L. Browne and Ralph W. Kasarda of Pacific Legal Foundation. After hearing the arguments of the parties as well as the documents submitted in support, opposition to the Motion and reply to the opposition the Court hereby grants the Defendants' Motion to Dismiss the Complaint without leave to amend on the following grounds:

(1) ACRF's claim against the City fails because the City has no responsibility over or for the ACDBE Program that is the subject of ACRF's facial challenge;

(2) in that there is no "injury in fact" to the members of Plaintiff ACRF, ACRF cannot assume associational standing on their behalf;

(3) the objected-to race conscious provisions of the program at issue are not ripe for adjudication;

(4) there is no threat of imminent harm to Plaintiff ACRF or its membership so that injunctive and declaratory relief is inappropriate;

(5) Plaintiff's Complaint is stale, for failure to file timely; and

(6) Plaintiff's State law claims are preempted.

IT IS SO ORDERED.

Dated:_____, 2008        _____
                                          The Honorable Joseph C. Spero