SHARON L. BROWNE, No. 119246
slb@pacificlegal.org
RALPH W. KASARDA, No. 205286 (Admission Pending)
rwk@pacificlegal.org
JOSHUA P. THOMPSON, No. 250955 (Admission Pending)
jpt@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity, <br><br> Defendants. | No. CV 07-06058 CRB <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES** <br><br> Date:    January 25, 2008 <br> Time:   10:00 a.m. <br> Place:  Courtroom 8, 19th Floor <br> Judge:  The Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................... ii

ISSUES PRESENTED .......................................................... 1

SUMMARY OF ARGUMENT .................................................. 1

INTRODUCTION AND STATEMENT OF FACTS ............................... 2

ARGUMENT ................................................................... 3

   I.   THIS ACTION SHOULD BE REMANDED TO
STATE COURT BECAUSE DEFENDANTS FAILED
TO TIMELY REMOVE THE CASE TO FEDERAL COURT ................... 4

   II.   THIS COURT DOES NOT HAVE SUBJECT
MATTER JURISDICTION TO HEAR THE CASE ........................... 7

      A.   Plaintiff Has Not Alleged a Cause of Action Under Federal Law ............. 7

      B.   Plaintiff Has Standing Pursuant to California Citizen
and Taxpayer Standing Rules But Does Not Have
Standing to Maintain an Action in Federal Court ........................... 9

   III.   PLAINTIFF SHOULD BE AWARDED ITS COSTS
INCLUDING REASONABLE ATTORNEYS' FEES
INCURRED IN OPPOSING THIS IMPROPER REMOVAL .................. 10

CONCLUSION ............................................................... 12

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# TABLE OF AUTHORITIES

Page

**Cases**

*Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819 (E.D. Tex. 1994) . . . . . . . . . . . . . . . . . . . 6

*Avitts v. Amoco Prod. Co.*, 111 F.3d 30 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Brooks v. Solomon Co.*, 542 F. Supp. 1229 (N.D. Ala. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*California v. Beltz Travel Serv., Inc.*, 379 F. Supp. 948 (N.D. Cal. 1974) . . . . . . . . . . . . . 1, 10

*Carter v. Bldg. Material & Constr. Teamsters' Union Local 216*,
   928 F. Supp. 997 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 10

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Franchise Tax Bd. of the State of Cal. v. Constr. Laborers
   Vacation Trust for S. Cal.*, 463 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gorman v. Abbott Labs.*, 629 F. Supp. 1196 (D.R.I. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gotro v. R & B Realty Group*, 69 F.3d 1485 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 7

*Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790 (S.D.W. Va. 1985) . . . . . . . . . . . . . . . . 5

*In re Willis*, 228 F.3d 896 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Langford v. Gates*, 610 F. Supp. 120 (C.D. Cal. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . 3

*Lofstrom v. Dennis*, 829 F. Supp. 1194 (N.D. Cal. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908) . . . . . . . . . . . . . . . . . . . . . . 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r,
   Maine Dep't of Human Servs.*, 876 F.2d 1051 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . 9-10

*Martin v. Franklin Capital Corp.*, 393 F.3d 1143 (10th Cir. 2004) . . . . . . . . . . . . . . . . . . . . 11

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747


| | **Page** |
|---|---|
| *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) | 10-11 |
| *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709 (9th Cir. 1990) | 3 |
| *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) | 8 |
| *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984) | 3 |
| *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970 (N.D. Cal. 1989) | 5 |
| *Seigler v. Am. Sur. Co. of N.Y.*, 151 F. Supp. 556 (N.D. Cal. 1957) | 4 |
| *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) | 3 |
| *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) | 7 |
| *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) | 3 |

**California Constitution**

| | |
|---|---|
| Cal. Const. art. I, § 31 | 1-2, 7, 9 |

**Federal Statutes**

| | |
|---|---|
| 28 U.S.C. § 1441(b) | 3, 7-8 |
| § 1446 | 1, 3 |
| § 1446(b) | 1, 3-4, 6-7 |
| § 1447(c) | 1, 3, 7, 9-12 |

**Miscellaneous**

| | |
|---|---|
| Chemerinsky, Erwin, *Federal Jurisdiction* (3d ed. 1999) | 8 |

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# ISSUES PRESENTED

1. Whether this Court, pursuant to 28 U.S.C. § 1446, should remand this matter to the California state court in which it began because:

    (a) Defendants failed to remove this action within the 30-day time limit prescribed by 28 U.S.C. § 1446(b);

    (b) Plaintiff has not stated a cause of action granting this Court subject matter jurisdiction; and/or

    (c) Plaintiff's standing is based on state law principles, thus Plaintiff does not have Article III standing.

2. Whether this Court should grant Plaintiff its costs and attorneys' fees, pursuant to 28 U.S.C. § 1447(c), incurred in opposing this improper removal.

# SUMMARY OF ARGUMENT

This Court should remand this matter to the state trial court where the case began for three reasons. First, Defendants failed to remove this case within the statutorily prescribed 30-day time-limit to remove actions to federal court. 28 U.S.C. § 1446(b). Defendants were served with the complaint on August 6, 2007, yet failed to remove until November 30, 2007. During that time, Defendants filed numerous documents in the trial court involving the precise issues upon which their Notice of Removal is based. Second, this Court is without subject matter jurisdiction to hear this case. Plaintiff has not stated a cause of action under federal law, and defenses based on federal law cannot be the basis for removal. Plaintiff's complaint is solely a facial challenge to Defendants' Airport Concession Disadvantaged Business Enterprise (ACDBE) Program under Article I, section 31, of the California Constitution. Lastly, Plaintiff has standing based on California citizen and taxpayer standing principles. Because Plaintiff brought this case in state court, Plaintiff does not have nor is it required for Plaintiff to have Article III standing to maintain this action in state court. Thus, remand is proper. *California v. Beltz Travel Serv., Inc.*, 379 F. Supp. 948, 950-51 (N.D. Cal. 1974); *Langford v. Gates*, 610 F. Supp. 120, 123 (C.D. Cal. 1985). Given that Defendants have no basis for removal, this Court should award Plaintiff its costs and attorneys' fees incurred in opposing this improper removal.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

## INTRODUCTION AND STATEMENT OF FACTS

On July 6, 2007, this action was filed in the California Superior Court for Alameda County by the American Civil Rights Foundation (Plaintiff) against the City of Oakland and the Port of Oakland (collectively Defendants). The action is a facial challenge under the California Constitution to Defendants' race- and sex-based Port of Oakland Disadvantaged Business Enterprise Program (ACDBE Program). The Complaint for Declaratory and Injunctive Relief (Complaint) alleges only one cause of action, namely that the ACDBE Program violates Article I, section 31, of the California Constitution (Article I, section 31 or Proposition 209). Defendants' Notice of Manual Filing of Superior Court Record Volumes 1-4 (Record) at Vol. 1, Tab 1.[1] Article I, section 31 prohibits the state and local governments from granting preferential treatment to, or discriminating against, any group or individual on the basis of race, color, ethnicity, sex, or national origin in the operation of public contracting.

Plaintiff filed its complaint July 6, 2007. Record at Vol. 1, Tab 1. The complaint was served on Defendants on August 6, 2007. *Id.* at Tabs 9-12. A week later, on August 13, 2007, the California trial court endorsed an order granting Defendants a 45-day extension of time to file their responsive pleading. *Id.* at Tab 14. On September 24, 2007, nearly 50 days after Defendants were served with the Complaint, Defendants demurred to the Complaint arguing, *inter alia*, that the ACDBE Program was mandated under federal law. *Id.* at Tab 15. Plaintiff responded to Defendants' demurrer on November 26, 2007. *Id.* at Vol. 4, Tab 24. Thereafter, on November 30, 2007, nearly four months after the complaint was served and four days after Plaintiff filed its

///

---

[1] As set out in Plaintiff's complaint:

> The Port [of Oakland] has implemented and is enforcing a public contracting program for food/beverage, retail, and duty free concessions at the Oakland International Airport that discriminates against and grants preferential treatment to individuals and groups on the basis of race, sex, color, ethnicity, or national origin in the operation of public contracting . . . . [T]he ACDBE Program is designed for the specific purpose of providing preferential treatment to particular businesses based on the owner's race or sex while discriminating against others based on those same immutable characteristics and constitutes a violation of Section 31.

Record at Vol. 1, Tab 1 (Complaint ¶ 10).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1 opposition to demurrer, Defendants filed their notice of removal in this Court under 28 U.S.C.
2 § 1441(b).

3       This motion seeks to have this action remanded back to the California trial court in which
4 it was filed. As will be established below, Defendants cannot establish removal jurisdiction.
5 Procedurally, Defendants failed to remove this action within the time prescribed by 28 U.S.C.
6 § 1446. Substantively, this Court lacks subject matter jurisdiction to hear this case. The action
7 should therefore be remanded forthwith to the state courts, and Plaintiff should be awarded its costs
8 (including reasonable attorneys' fees) incurred in opposing Defendants' improper removal. *See*
9 28 U.S.C. § 1447(c).

10                                      **ARGUMENT**

11       Defendants, as the removing parties, bear the burden of establishing federal jurisdiction.
12 *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("the petitioning defendant must
13 take and carry the burden of proof, he being the actor in the removal proceeding"); *Emrich v.*
14 *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal
15 jurisdiction is upon the party seeking removal."). Importantly, "the removal statute is strictly
16 construed against removal jurisdiction." *Salveson v. Western States Bankcard Ass'n*, 731 F.2d
17 1423, 1426 (9th Cir. 1984) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064
18 (9th Cir. 1979). If there is any doubt as to the right of removal, remand is necessary. *Gaus v.*
19 *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*, 592 F.2d at 1064; *see also*
20 *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("Not only do[] . . . [the removal
21 statutes] evidence the Congressional purpose to restrict the jurisdiction of the federal courts on
22 removal, but the policy . . . is one calling for the strict construction of such legislation."). "The
23 'strong presumption' against removal jurisdiction means that the defendant always has the burden
24 of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v.*
25 *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich*, 846 F.2d at 1195).

26       Defendants cannot overcome the strong presumption against removal jurisdiction.
27 Defendants failed to remove this case within the 30-day time-limit prescribed by 28 U.S.C.
28 § 1446(b). Additionally, Defendants cannot meet their burden to show that this Court had original

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  subject matter jurisdiction over this matter for two reasons: (1) Plaintiff has not stated a federal
2  claim; and (2) Plaintiff's standing is based on California standing principles, therefore Plaintiff
3  does not have nor is it necessary for Plaintiff to have Article III standing to maintain this action in
4  state court. Therefore, as explained in detail below, this Court should remand this action to state
5  court.

**I**

**THIS ACTION SHOULD BE REMANDED TO
STATE COURT BECAUSE DEFENDANTS FAILED
TO TIMELY REMOVE THE CASE TO FEDERAL COURT**

Pursuant to 28 U.S.C. § 1446(b), Defendants have 30 days after receipt of the pleading or service of summons to remove a civil action from state to federal court.[2] In California, the removal period begins to run upon receipt of the complaint. *See Lofstrom v. Dennis*, 829 F. Supp. 1194, 1196 (N.D. Cal. 1993); *Carter v. Bldg. Material & Constr. Teamsters' Union Local 216*, 928 F. Supp. 997, 1001 (N.D. Cal. 1996). Where a Defendant fails to file its petition for removal within the time required by law, the right is lost. *Seigler v. Am. Sur. Co. of N.Y.*, 151 F. Supp. 556, 559 (N.D. Cal. 1957); *see also Gorman v. Abbott Labs.*, 629 F. Supp. 1196, 1199 (D.R.I. 1986) (citation omitted) ("[T]he time limitation is mandatory and must be strictly applied and where a party fails to file a petition within the applicable time limits he is [thereafter] precluded from doing so.").

Plaintiff filed its action in California Superior Court on July 6, 2007. Record at Vol. 1, Tab 1. Defendants were served with the complaint on August 6, 2007. *Id.* at Tabs 9-12. Instead of removing the action to federal court at that time, Defendants asked the state court for an extension of time to respond to Plaintiff's complaint. *Id.* at Tab 14. Defendants then demurred to the complaint on September 24, 2007. *Id.* at Tab 15. On that date Defendants filed: (1) a demurrer to Plaintiff's complaint (*id.*); (2) a 23-page points and authorities in support of their demurrer (*id.*);

---

[2] 28 U.S.C. § 1446(b) reads (emphasis added):

> The notice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1   and (3) two requests for judicial notice (1488 pages and 309 pages respectively). *Id.* at Vol. 2,
2   Tab 16; Vol. 3, Tab 17.  On November 26, 2007, Plaintiff filed its Opposition to Defendants'
3   Demurrer. *Id.* at Vol. 4, Tab 24.  Four days later, on November 30, 2007, nearly four months after
4   the complaint was served, Defendants' filed their Notice of Removal.
5         Defendants' untimely removal runs afoul of both justifications for the 30-day time-limit on
6   removal.  The 30-day time-limit

> deprive[s] the defendant of the undeserved tactical advantage that he would have
> if he could wait and see how he was faring in state court before deciding whether
> to remove the case to another court system; and [it] prevent[s] the delay and waste
> of resources involved in starting a case over in a second court.

10  *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989).  Here,
11  Defendants filed numerous, voluminous documents in the state trial court.  Only after Plaintiff filed
12  its opposition to Defendants' demurrer and requests for judicial notice did Defendants remove the
13  case to federal court.  Defendants are seeking an "undeserved tactical advantage" and are "wasting
14  court resources" by filing their notice of removal nearly four months after their time to do so
15  elapsed.
16        Separately, "[i]f a case is removable from the outset, it must be removed within the initial
17  thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or
18  'again removable'." *Id.* (quoting *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 795 (S.D.W.
19  Va. 1985) (citation omitted)).  Defendants claim that their notice of removal is timely, because it
20  was filed within thirty days of "Plaintiff's Opposition to Defendants Demurrer . . . , wherein
21  Plaintiff clearly frames the issues raised in its Complaint as implicating questions of federal law."
22  Defs.' Notice of Removal at 3:5-7.  To the contrary, in their demurrer, Defendants raised the same
23  "federal issues"[3] upon which their current Notice of Removal is based.[4]  Moreover, Defendants

---

[3] Plaintiff has consistently maintained, and continues to maintain, that any "federal issues" present are a result of Defendants' raising the issues as defenses (not Plaintiff's claim).  Thus, these cannot be a basis for removal. *See infra* Part II.A.

[4] In their Notice of Removal, Defendants try to obfuscate when they were aware of the "federal issues" present in the case.  Defendants state that "Plaintiff's Opposition to the Demurrer . . .
(continued...)

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Memo of Ps&As in Supp of Pltf's Mtn to Remand
& Req for Attys' Fees - No. CV 07-06058 CRB     - 5 -

1  acknowledge this in their Notice of Removal: "Defendants demurred to Plaintiff's Complaint . . .
2  [arguing] that because the Port of Oakland has entered into *federal* grant agreements . . . which
3  require compliance with *federal* affirmative action requirements . . . [Article I, section 31] does not
4  apply." Defs.' Notice of Removal at 1:18-22.

5        Although Plaintiff believes otherwise, assuming, *arguendo*, that Defendants had, at one
6  point, the right to remove, Defendants' Notice of Removal contradicts itself regarding when they
7  were aware of the right. Defendants cannot contend that they were unaware of their right to remove
8  until after they filed their Demurrer, when the same arguments made in the Demurrer are their
9  asserted basis for removal. Clearly, they were aware of the "federal issues" (which they now assert
10 entitle them to remove) before Plaintiff's Opposition to Demurrer. Plaintiff's Opposition to
11 Demurrer did not make the case any more removable than it may have been originally.

12       Further, Defendants are likely to argue that their Notice of Removal is timely, because they
13 removed once they were aware that the cause of action was based on a federal claim. *See* 28 U.S.C.
14 § 1446(b); *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819, 824 (E.D. Tex. 1994). This
15 argument is without merit. First, it should be reiterated that on September 24, 2007, Defendants
16 demurred that the ACDBE Progam was federally mandated. Record at Vol. 1, Tab 15. Although
17 Plaintiff contests this characterization of its claim for relief in that Plaintiff's complaint does not
18 state a federal cause of action,[5] Defendants were at least aware of any federal issues as of that date.
19 Instead of removing, Defendants waited until after Plaintiff filed an opposition to their demurrer,
20 nearly four months after the complaint was served. *Id.* at Vol. 4, Tab 24.

---

[4] (...continued)
argues . . . Defendants' ACDBE Program fails to satisfy [federal regulations] because it is unsupported by a disparity study." Defs.' Notice of Removal at 2:1-6. However, Plaintiff first mentions Defendants lack of a disparity study in the Complaint, not the Opposition to Demurrer. Record at Vol. 1, Tab 1 (Complaint ¶ 15). Furthermore, Plaintiff attached a copy of Defendants' ACDBE program to the complaint, which cites numerous federal regulations. *Id.* (Exhibit 1 to Complaint). Thus, Defendants were aware of any federal issue relating to a disparity study at that time. That Defendants argue they are not required to conduct a disparity study is a defense that Plaintiff responds to in its Opposition to Demurrer, and which cannot be a basis for removal. *See infra* Part II.A.

[5] *See infra* Part II.A.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Additionally, the exception provided for in 28 U.S.C. § 1446(b) is usually reserved for instances where the true diversity of the parties or amount in controversy becomes known after filing of the complaint. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000). To the extent that the section 1446(b) exception is available for "federal questions," the exception is only available where the federal claim was not ascertainable from the face of the pleading; and even then, the 30-day time limit will begin to run as soon as defendants are aware of the federal claim. *See Brooks v. Solomon Co.*, 542 F. Supp. 1229, 1230-32 (N.D. Ala. 1982). Because Defendants were clearly aware of the issues involved in this action well before they removed this case to federal court, the section 1446(b) exception is inapplicable.

Because Defendants cannot meet their burden that their Notice of Removal was timely, the Court should remand this action back to state court.

## II

### THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE CASE

The commands of 28 U.S.C. § 1447(c) are clear: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This Court does not have subject matter jurisdiction over this matter for two separate and distinct reasons. First, Plaintiff has not alleged any federal cause of action. Second, Plaintiff's standing is based on California taxpayer and citizen standing requirements, thus, Plaintiff does not have Article III standing required to maintain an action in federal court. For either of these reasons, this Court should remand the action to state court pursuant to 28 U.S.C. § 1447(c).

**A. Plaintiff Has Not Alleged a Cause of Action Under Federal Law**

Plaintiff has not alleged a cause of action under federal law. Plaintiff's sole cause of action is that Defendants' ACDBE Program violates Article I, section 31, of the California Constitution. Record at Vol. 1, Tab 1 (Complaint ¶¶ 22-27). The ACDBE Program grants preferences to persons and groups on the basis of race and sex in awarding contracts at the Oakland International Airport. *Id.* 28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts have

Memo of Ps&As in Supp of Pltf's Mtn to Remand
& Req for Attys' Fees - No. CV 07-06058 CRB         - 7 -

1 original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of
2 the United States shall be removable without regard to the citizenship or residence of the parties."
3 Since Plaintiffs have neither raised a claim nor right under the Constitution, treaties or laws of the
4 United States, this Court does not have subject matter jurisdiction to hear the matter and removal
5 was improper.

6 Defendants removed this case under 28 U.S.C. § 1441(b), arguing that "the claims *and*
7 *defenses* upon which the parties rely arise under the laws of the United States." Defs.' Notice of
8 Removal at 2:17-18 (emphasis added). But the law is clear that a defense does not grant a federal
9 district court subject matter jurisdiction. The "well-pleaded complaint rule" has been a hallmark
10 of American jurisprudence for nearly a century: "It is the settled interpretation . . . that a suit arises
11 under the Constitution and laws of the United States only when the plaintiff's statement of his own
12 cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville*
13 *R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also* Erwin Chemerinsky, *Federal Jurisdiction*
14 341 (3d ed. 1999) ("[A] federal law defense is insufficient by itself to permit removal because of
15 the well-pleaded complaint rule requiring that the federal question be on the face of the complaint
16 in order for federal jurisdiction to exist.").

17 Even where a federal "'defense is the only question truly at issue in the case,'" the Supreme
18 Court has held firm that federal courts may not exercise removal jurisdiction. *Rivet v. Regions*
19 *Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr.*
20 *Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)). Throughout their Notice of Removal,
21 Defendants make clear that it is their *defense* that makes this case removable. Defs.' Notice of
22 Removal at 1:22-23, 2:21-22 ("Defendants further contend that the *federally mandated* ACDBE
23 Program complies with 49 CFR . . . ." "Defendants have asserted a defense based on the application
24 of federal law."). However, Defendants ignore clear Supreme Court precedent, which clarifies that
25 "a suit brought upon a state statute does not arise under an act of Congress or the Constitution of
26 the United States because *prohibited* thereby." *Gully v. First Nat'l Bank in Meridian*, 299 U.S.
27 109, 116 (1936) (emphasis added).
28 ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1   Plaintiff has consistently maintained that Defendants' ACDBE Program is prohibited under
2   Article I, section 31, of the California Constitution. It is in Defendants' demurrer that a federal
3   issue is first raised; Plaintiff responds to Defendants' defense by arguing that the race- and sex-
4   based preference ACDBE Program is not mandated by federal law. *See* Record at Vol. 4, Tab 24
5   (Pltf's. Opposition to Defs.' Motion for Demurrer at 12). At no time has Plaintiff stated a cause
6   of action under federal law. Any federal issues that arise are solely a result of Defendants'
7   defenses. The law is clear: whether a federal defense applies, does not grant federal courts subject
8   matter jurisdiction. Accordingly, this Court should remand this action to state court under
9   28 U.S.C. § 1447(c).

**B. Plaintiff Has Standing Pursuant to California Citizen and Taxpayer Standing Rules But Does Not Have Standing to Maintain an Action in Federal Court**

12   Clearly, Plaintiff has standing in state court pursuant to California's citizen and taxpayer
13   standing rules. *See generally* Record at Vol. 1, Tab 1 (Complaint ¶ 2); *id.* at Vol. 4, Tab 24 (Pltf's.
14   Opposition to Defs.' Motion for Demurrer at 15-22). Plaintiff's complaint does not allege, nor was
15   it necessary for Plaintiff to have, Article III standing in order to maintain an action in state court.
16   Plaintiff's alleged injury is that some of its taxpaying, California members' tax monies are being
17   used to fund Defendants' ACDBE Program, which is prohibited by Article I, section 31, of the
18   California Constitution.[6] *See id.* at Vol. 1, Tab 1 (Complaint ¶ 2). Conversely, for Article III
19   standing in federal court a Plaintiff must establish an injury-in-fact, causation, and redressability.
20   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Because Plaintiff's standing is based
21   solely on California standing principles, Plaintiff lacks a "concrete and particularized" injury under
22   the meaning of *Lujan*.

23   When a plaintiff lacks standing, federal courts lack subject matter jurisdiction to hear the
24   case. *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*,
25   876 F.2d 1051, 1053-54 (1st Cir. 1989) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S.
26   534, 541-42 (1986)). Moreover, where a plaintiff whose action has been removed to federal court

---

[6] Plaintiff also maintains that it has "citizen standing" under California law. *See* Record at Vol. 4, Tab 24 (Pltf's. Opposition to Defs.' Motion for Demurrer at 20-22).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  lacks standing, the proper recourse is to remand. *See Curtis v. Nevada Bonding Corp.*, 53 F.3d

2  1023 (9th Cir. 1995) (lack of standing is a defect in subject matter jurisdiction mandating remand);

3  *Maine Ass'n*, 876 F.2d at 1054.

4        In fact, this Court has previously remanded cases where standing was originally based on

5  California's liberal standing requirements. For example, in *Beltz Travel*, 379 F. Supp. at 950-51,

6  this Court held:

> In the present case Plaintiffs do not allege that they were personally injured, but claim a derivative right under section 3369(5) to sue on behalf of persons who did suffer such injury. Such a derivative right created by state law cannot confer upon Plaintiffs the right to sue in federal court because a state may not extend the jurisdiction of a federal court to where it did not previously exist . . . . Since Plaintiffs lack standing to maintain an action in federal court . . . , the case was improperly removed from state court . . . . [I]t is hereby ordered that this case be remanded to the state court

12        Similarly, the Central District of California held that remand is the proper recourse where

13  standing was based on California's taxpayer standing statute:

> As noted, defendants have moved to dismiss all equitable claims. They contend that the taxpayer plaintiffs' lack of standing . . . is not jurisdictional, but results in a failure to state a claim. They are mistaken. It is clear that Article III standing "involves . . . constitutional limitations on federal-court jurisdiction." Therefore, the proper course is remand, not dismissal.

17  *Langford*, 610 F. Supp. at 122-23 (citation omitted).

18        Plaintiff has never alleged that its standing is based on federal standing principles. In fact,

19  Plaintiff's current action is based solely on California state law standing principles. Because

20  Plaintiff does not have Article III standing, this Court lacks subject matter jurisdiction to hear the

21  case.

22        Accordingly, this Court should remand the case to the state court where this action began.

### III

### PLAINTIFF SHOULD BE AWARDED ITS COSTS INCLUDING REASONABLE ATTORNEYS' FEES INCURRED IN OPPOSING THIS IMPROPER REMOVAL

26        This Court has discretion to award Plaintiff its costs, including reasonable attorneys' fees,

27  incurred in resisting this improper removal. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital*

28  *Corp.*, 546 U.S. 132 (2005). 28 U.S.C. § 1447(c) reads: "An order remanding the case may require

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1 payment of just costs and any actual expenses, including attorney fees, incurred as a result of the
2 removal." Because Defendants have no objectively reasonable basis for asserting that this Court
3 has subject matter jurisdiction to hear this case, and it is clear that Defendants' Notice of Removal
4 is late, this Court should exercise its discretion to award such fees.

5       There is no presumption for or against awarding fees, but Defendants, as the removing
6 party, must have "an objectively reasonable basis" for removal to avoid paying the opposing party's
7 costs and attorneys' fees. *Martin*, 546 U.S. at 141. In *Martin*, the Supreme Court held that the
8 defendant had an objectively reasonable basis, because the defendant was relying on existing case
9 law, later overturned, supporting removal. *Id.* at 141 (citing *Martin v. Franklin Capital Corp.*,
10 393 F.3d 1143, 1148 (10th Cir. 2004). Defendants have no objectively reasonable basis here. Not
11 only have Defendants failed to remove within the time dictated by Congress, but they ignore
12 century-old hornbook law that prevents federal defenses from being the basis for a defendant's
13 removal.

14       Plaintiff is entitled to its costs and attorneys' fees incurred as a result of defending this
15 improper removal. 28 U.S.C. § 1447(c). These are "the litigation expenses . . . incurred in federal
16 court that would not have been incurred had the case remained in state court." *Avitts v. Amoco
17 Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Although this case is being handled on a pro bono
18 basis, that does not preclude this Court from awarding Plaintiff attorneys' fees. *See Gotro v. R &
19 B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995). The Ninth Circuit ruled that Congress used
20 the words "actual expenses incurred" in section 1447(c) to distinguish the fees awarded under that
21 section from a punitive fee award and to distinguish it from the former bonding requirement. *Id.*
22 at 1487-88.

23       Defendants filed their Notice of Removal well after their time to do so elapsed. Moreover,
24 Defendants were fully aware of all issues present in the case in September, 2007, when they filed
25 their Demurrer, yet Defendants failed to remove this case until November 30, 2007. To compound
26 the impropriety of this removal, it is clear from the face of the complaint that there are no statutory
27 grounds for this Court to exercise subject matter jurisdiction in this case. Additionally, Plaintiff
28 does not have Article III standing to pursue its claims in federal court. As set out in the

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  accompanying Declarations of Sharon L. Browne and Joshua P. Thompson, a significant number
2  of hours of attorney time had to be devoted to the research and drafting of this motion to remand.
3  These are resources that could have been devoted to other cases, or even to the merits of this case.
4  Defendants should be ordered to bear these costs. As of December 13, 2007 those costs are as
5  follows:

      Sharon L. Browne     6.90 hours at $475.00/hour = $3,277.50

      Joshua P. Thompson  71.90 hours at $225.00/hour = $16,177.50

## CONCLUSION

This removal is untimely and this Court is without jurisdiction to hear this matter. 28 U.S.C. § 1447(c) provides that in such situations, the Court must remand the action to state court. In addition to remanding this action, this Court should also order Defendants to pay Plaintiff's costs and attorneys' fees incurred in opposing this removal as set out in the accompanying Declarations of Sharon L. Browne and Joshua P. Thompson.

DATED: December 14, 2007.

Respectfully submitted,

SHARON L. BROWNE
RALPH W. KASARDA
JOSHUA P. THOMPSON

By     /s / Sharon L. Browne
        SHARON L. BROWNE

Attorneys for Plaintiff

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747