

1  SHARON L. BROWNE, No. 119246
   slb@pacificlegal.org
2  RALPH W. KASARDA, No. 205286
   rwk@pacificlegal.org
3  JOSHUA P. THOMPSON, No. 250955
   jpt@pacificlegal.org
4  Pacific Legal Foundation
   3900 Lennane Drive, Suite 200
5  Sacramento, California 95834
   Telephone:  (916) 419-7111
6  Facsimile:  (916) 419-7747

7  Attorneys for Plaintiff

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  AMERICAN CIVIL RIGHTS FOUNDATION,     )      No. CV 07-06058 CRB
    a non-profit, public benefit corporation,  )
12                                        )      **PLAINTIFF'S**
            Plaintiff,                     )      **OPPOSITION**
13                                        )      **TO DEFENDANTS'**
        v.                                 )      **MOTION TO DISMISS**
14                                        )
    CITY OF OAKLAND, CALIFORNIA, a political  )  Date:   January 25, 2008
15  subdivision of the State of California, and the PORT  )  Time:   10:00 a.m.
    OF OAKLAND, a public entity,           )      Place:  Courtroom 8, 19th Floor
16                                        )      Judge:  The Hon. Charles R. Breyer
            Defendants.                    )
17  _____  )

18

19

20

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

INTRODUCTION AND STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

I.    THIS COURT MUST RULE INITIALLY ON
      PLAINTIFF'S MOTION TO REMAND BEFORE
      RULING ON DEFENDANTS' 12(B)(6) MOTION TO DISMISS . . . . . . . . . . . . . . . .  5

II.   THIS COURT DOES NOT HAVE SUBJECT MATTER
      JURISDICTION TO RULE ON DEFENDANTS' 12(B)(6) MOTION  . . . . . . . . . . . . .  6

      A.   Defendants' Preemption Defense Does Not
           Grant This Court Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

      B.   Plaintiff's Lack of Article III Standing Mandates Remand Not Dismissal . . . . . . .  10

III.  DEFENDANTS' REMAINING ARGUMENTS FOR DISMISSAL
      DO NOT GRANT THIS COURT SUBJECT MATTER JURISDICTION . . . . . . . . . .  11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists
&amp; Aerospace Workers*, 390 U.S. 557 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*C &amp; C Constr., Inc. v. Sacramento Mun. Util. Dist.*, 122 Cal. App. 4th 284 (2004) . . . . . . . . 4

*Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984) . . . . . . . . . . . . . . 9

*City of L.A. v. Lyons*, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Coal. for Econ. Equity v. Wilson*, 122 F.3d 692 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 10

*Coal. for Econ. Equity v. Wilson*, 946 F. Supp. 1480 (N.D. Cal. 1996) . . . . . . . . . . . . . . . 10

*Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 10-11

*English v. Gen. Elec. Co.*, 496 U.S. 72 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Franchise Tax Bd. of the State of Cal. v. Constr. Laborers
Vacation Trust for S. Cal.*, 463 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6-7

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88 (1992) . . . . . . . . . . . . . . . . . . . . . . 9

*Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936) . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Harris v. Provident Life &amp; Accident Ins. Co.*, 26 F.3d 930 (9th Cir. 1994) . . . . . . . . . . . . . 11

*Hi-Voltage Wire Works, Inc. v. City of San Jose*, 24 Cal. 4th 537 (2000) . . . . . . . . . . . . . 2, 10

*Hines v. Davidowitz*, 312 U.S. 52 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Bear River Drainage Dist.*, 267 F.2d 849 (10th Cir. 1959) . . . . . . . . . . . . . . . . . . . . 1, 5

*In re Miles*, 430 F.3d 1083 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Louisville &amp; Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908) . . . . . . . . . . . . . . . . . . . . 6

*Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925 (N.D. Cal. 1992) . . . . . . . . . . . . 11

*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 9

*N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1 (1988) . . . . . . . . . . . . . . . . . . . . . 12-13

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**Page**

*Nichols v. Se. Health Plan of Ala., Inc.*, 859 F. Supp. 553 (S.D. Ala. 1993) . . . . . . . . . . . . . . 5

*People of the State of California v. Beltz Travel Serv., Inc.*,
   379 F. Supp. 948 (N.D. Cal. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

*Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Royal Foods Co. Inc. v. RJR Holdings Inc.*, 252 F.3d 1102 (9th Cir. 2001) . . . . . . . . . . . . . . 9

*Spencer v. Kemna*, 523 U.S. 1 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sprietsma v. Mercury Marine*, 537 U.S. 51 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Thompson v. Fritsch*, 966 F. Supp. 543 (E.D. Mich. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**United States Constitution**

U.S. Const. art. III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 10-12

**California Constitution**

Cal. Const. art. I, § 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 5, 8, 10

  § 31(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

  § 31(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

  § 31(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Federal Statute**

28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Federal Regulation**

49 C.F.R. part 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 8

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

**ISSUES PRESENTED**

1.   Whether this Court may rule on Defendants' Motion to Dismiss before ruling on Plaintiff's Motion to Remand.

2.   Whether this Court has subject matter jurisdiction to dismiss Plaintiff's Complaint, when:

(a)   Plaintiff has not stated a cause of action granting this Court subject matter jurisdiction; and

(b)   Plaintiff's standing is based on state law principles, thus Plaintiff does not have Article III standing.

**SUMMARY OF ARGUMENT**

A federal court must be certain that it has subject matter jurisdiction before proceeding to rule on dispositive motions. Thus, this Court must rule on Plaintiff's Motion to Remand before ruling on Defendants' Motion to Dismiss. *In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959). Defendants' 12(b)(6) Motion to Dismiss should not be granted, or even considered, because this Court lacks subject matter jurisdiction to hear it for three primary reasons. First, federal issues or federal defenses do not grant federal courts subject matter jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Second, Defendants' cannot (and do not) argue that Article I, section 31, of the California Constitution (Proposition 209) claims are *completely* preempted by federal law, thus, preemption cannot be this Court's basis for jurisdiction. *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Third, as both parties agree, Plaintiff's standing is based on state law principles, thus it does not have Article III standing. Plaintiff's lack of Article III standing mandates remand, not dismissal. *People of the State of California v. Beltz Travel Serv., Inc.*, 379 F. Supp. 948 (N.D. Cal. 1974). Defendants' end their brief urging this Court to dismiss on a patchwork of other grounds (e.g., ripeness, statute of limitations), yet offer no legitimate basis upon which this Court can find that it has jurisdiction to rule on those defenses. The proper procedure for this Court to follow, therefore, is to remand this case back to the state court in which it began.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**INTRODUCTION AND STATEMENT OF FACTS**

The people of California amended their Constitution on November 5, 1996, by adopting Proposition 209 to add Article I, section 31. *Hi-Voltage Wire Works, Inc. v. City of San Jose*, 24 Cal. 4th 537, 541 (2000); Plaintiff's Complaint for Declaratory and Injunctive Relief (Complaint Docket #3), Defendants' Notice of Manual Filing of Superior Court Record Volumes 1-4 (Record) at Vol. 1, Tab 1, ¶ 6. The central tenet of section 31 declares: "The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of . . . public contracting." Cal. Const. art. I, § 31(a). Section 31 extends not only to state agencies, but also to cities, counties, and all instrumentalities of state and local government, including the Defendants City of Oakland and Port of Oakland (collectively "Defendants"). Cal. Const. art. I, § 31(f). A municipal contracting scheme that requires preferential treatment on the basis of race or sex violates Article I, section 31. *Hi-Voltage Wire Works*, 24 Cal. 4th at 565.

On February 23, 2006, the Port of Oakland adopted its Airport Concession Disadvantaged Business Enterprise (ACDBE) Program. Record at Vol. 1, Tab 1, Complaint ¶ 4, Docket #3. The ACDBE Program is a public contracting program for food/beverage, retail, and duty free concessions at the Oakland International Airport that discriminates against and grants preferential treatment to individuals and groups on the basis of race, sex, color, ethnicity, or national origin in the operation of public contracting. *Id.* ¶ 24; Defendant's Memorandum of Points and Authorities in Support of Demurrer (Demurrer) Record at Vol. 1, Tab 15, at 10, Docket #3 ("[T]he Port intends to meet its goal through race-neutral means; but where such means are inadequate the Port would use race-conscious means to augment the ACDBE participation.").

Defendant City of Oakland is a political subdivision of the State of California, created and existing under a charter promulgated under the Constitution of the State of California. Record at Vol 1, Tab 1, Complaint ¶ 3, Docket #3. Defendant Port of Oakland (Port) is an agency of the City of Oakland and operates the Oakland International Airport. *Id.* ¶ 4. The Port has been delegated the authority to contract for concessions at the Oakland International Airport pursuant to Oakland's ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  Municipal Code.  Charter of the City of Oakland, Article VII, Defendants' Request for Judicial

2  Notice (RJN) in Support of Motion to Dismiss, Exhibit 2, Docket #12.

3  Both the City of Oakland and the Port have a duty to enforce the California Constitution

4  by not engaging in discrimination or granting preferential treatment on the basis of race, sex, color,

5  ethnicity, or national origin in the operation of public contracting, pursuant to Article I, section 31,

6  of the California Constitution.  Record at Vol. 1, Tab 1, Complaint ¶¶ 3, 4, Docket #3.

7  Plaintiff American Civil Rights Foundation (Plaintiff) is a California nonprofit public

8  benefit corporation headquartered in Sacramento, California, dedicated to monitoring and enforcing

9  the civil rights laws, including Article I, section 31, of the California Constitution.  *Id.* ¶ 2.  Plaintiff

10  contends it has both taxpayer and citizen standing to bring an action in California state court.  *Id.*

11  ¶ 2; Record at Vol. 4, Tab 24, Pltf's Opposition to Demurrer at 15-22, Docket #6.

12  On July 6, 2007, Plaintiff filed this action in the California Superior Court for Alameda

13  County against Defendants.  The action is a facial challenge under Article I, section 31, to

14  Defendants' race- and sex-based Port of Oakland ACDBE Program.  The Complaint for

15  Declaratory and Injunctive Relief alleges only one cause of action, namely that the ACDBE

16  Program violates Article I, section 31, of the California Constitution.  Record at Vol. 1, Tab 1,

17  Complaint ¶ 1, Docket #3.

18  The Complaint was served on Defendants on August 6, 2007.  Record at Vol. 1, Tabs 9-12,

19  Docket #3.  A week later, on August 13, 2007, the California trial court issued an order granting

20  Defendants a 45-day extension of time to file their responsive pleading.  *Id.* at Tab 14.  On

21  September 24, 2007, nearly 50 days after Defendants were served with the Complaint, Defendants

22  demurred to the Complaint arguing, *inter alia*, that the provisions of its ACDBE program are

23  specifically required or authorized by federal regulations.  *Id.* at Tab 15, at 9.  The Defendants

24  further alleged that the Port's ACDBE Program is federally mandated and not prohibited by

25  Article I, section 31.  *Id.* at Tab 15, at 11.  The Defendants cited and/or referred extensively to

26  federal regulations in their Demurrer, specifically 49 C.F.R. part 23.  *Id.* at 1, 6-9, 12-13.

27  ///

28  ///

Pltf's Oppo to Defs' Mtn to Dismiss
No. CV 07-06058 CRB                  - 3 -

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    Defendants' demurrer appears to be based on Article I, section 31(e), of the California

2    Constitution.  *Id.* at 11-14.  Subdivision (e) of section 31 is a narrow exception that authorizes

3    race-based governmental action "which must be taken to establish or maintain eligibility for any

4    federal program, where ineligibility would result in a loss of federal funds to the State."  Cal.

5    Const. art. I, § 31(e).  In order for a governmental agency to meet this exception, it "must have

6    substantial evidence that it will lose federal funding if it does not use race-based measures and must

7    narrowly tailor those measures to minimize race-based discrimination."  *C & C Constr., Inc. v.*

8    *Sacramento Mun. Util. Dist.*, 122 Cal. App. 4th 284, 298 (2004).

9    The Section 31(e) exception is pled as an affirmative defense.  *See id.* at 297 ("By answer,

10   SMUD denied the allegations and alleged the affirmative action program comes within [Article I,

11   section 31(e)].").

12   In its Opposition to Defendants' Demurrer, Plaintiff responded to the Defendants' raising

13   the Section 31(e) federal funding exception defense.  Record at Vol. 4, Tab 24.  Plaintiff stated, as

14   it had in its Complaint, that Defendants implemented its race-based program without any evidence

15   of past discrimination.  Record at Vol. 1, Tab 1, Complaint ¶ 15, Docket #3; Record at Vol. 4,

16   Tab 24, Opp to Demurrer at 7-9, Docket #6.

17   Although Plaintiff's Complaint alleges only one claim—a cause of action based solely on

18   state law—Defendants nevertheless argue that this Court has subject matter jurisdiction over

19   Plaintiff's claim.  Defs' Notice of Removal at 2:15-24, Docket #1.  Defendants contradict

20   themselves in their Motion to Dismiss.  Defendants cannot simultaneously argue that this Court

21   has subject matter jurisdiction in their Notice of Removal, and then argue against jurisdiction a

22   week later.  Clearly, this indicates a situation where Defendants were aware that the Complaint

23   could not have been filed in federal court, and removal was improper.  As such, the Court should

24   remand this action and refuse to entertain Defendants' Motion to Dismiss.

25

26

27

28

Pltf's Oppo to Defs' Mtn to Dismiss
No. CV 07-06058 CRB                - 4 -

1

## ARGUMENT

2

## I

3
4

### THIS COURT MUST RULE INITIALLY
### ON PLAINTIFF'S MOTION TO REMAND BEFORE
### RULING ON DEFENDANTS' 12(B)(6) MOTION TO DISMISS

5      On December 14, 2007, Plaintiff's filed its Motion to Remand this case to the California

6 Superior Court for Alameda County where the action began.  The Motion to Remand was based

7 on two grounds.  Defendants' failed to remove the case within the statutory 30-day time-limit on

8 removal.  And, second this Court lacks subject matter jurisdiction to hear Plaintiff's claim for two

9 reasons:  (1) Plaintiff did not state a federal cause of action in its Complaint for Declaratory and

10 Injunctive Relief; and (2) Plaintiff lacks standing to maintain an action in federal court.  Defendants

11 concede the second of these reasons in their Motion to Dismiss, yet still ask this Court to dismiss

12 Plaintiff's claim.

13      Before ruling on Defendants' Motion to Dismiss, this Court must rule initially on Plaintiff's

14 Motion to Remand.  *See, e.g.*, *In re Bear River Drainage Dist.*, 267 F.2d at 851 ("While the

15 questions involved in the two motions were necessarily related, the better practice would have been

16 to rule first on the motion to remand and if granted to have sent the motion to dismiss back to the

17 state court."); *Thompson v. Fritsch*, 966 F. Supp. 543, 545 (E.D. Mich. 1997) ("[T]his Court must

18 first determine whether it has jurisdiction over this case before it may entertain defendants'

19 dispositive motion.  If it does not have jurisdiction, it is a futile effort for this Court to hear and

20 decide the motion.").  Put another way, a federal court lacking subject matter jurisdiction cannot

21 rule on other pending motions.  *Nichols v. Se. Health Plan of Ala., Inc.*,  859 F. Supp. 553, 559

22 (S.D. Ala. 1993).

23      Thus, Defendants' Motion to Dismiss is improper at this time.  For the reasons set forth

24 below, and in Plaintiff's Motion to Remand, this Court does not have jurisdiction to rule on

25 Defendants' Motion to Dismiss.

26 ///

27 ///

28 ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

Pltf's Oppo to Defs' Mtn to Dismiss
No. CV 07-06058 CRB                    - 5 -

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

## II

## THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO RULE ON DEFENDANTS' 12(B)(6) MOTION

As stated in Plaintiff's Motion to Remand, Defendants, as the removing party, bear the burden of showing that removal was proper. Pltf's Mtn to Remand at 3, Docket #27. Defendants cannot meet this burden.

In their Motion to Dismiss, Defendants admit that, "ACRF states only one cause of action for violation of Article I, section 31, of the California Constitution." Defs' Mtn to Dismiss at 8:7-8, Docket #9 (citing Complaint ¶¶ 23-26). Defendants go on to argue that "[i]n *response to Defendants' demurrer* to the Complaint, Plaintiff, for the first time, raised certain *federal questions* in opposition to the demurrer."[1] *Id.* at 8:8-10 (emphasis added). This, Defendants argue, grants this Court subject matter jurisdiction to hear Defendants' motion. As shown below, Defendants' argument is without merit.

First, the arguments Plaintiff makes in response to Defendants' demurrer cannot change a state cause of action into a federal one. Federal subject matter jurisdiction is present only when, "the plaintiff's statement of *his own cause of action* shows that it is based upon those laws or that Constitution." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (emphasis added).

Second, Defendants are using a term of art, "*federal question*," to make the "*federal issues*" they raise in defense of Plaintiff's claim sound removable. The law is clear; federal issues or federal defenses do not make a claim removable. *See, e.g.*, *Rivet*, 522 U.S. at 475 (even where a federal defense is the only question at issue, removal is improper); *Franchise Tax Bd.*, 463 U.S. at 14:

> since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the

---

[1] It should be noted that the argument that Plaintiff, in its Opposition to Demurrer, was the *first* to raise federal issues, is patently false. In their Demurrer, Defendants fall back on 49 C.F.R. part 23 as a defense so often that the table of contents lists the pages it is cited on as "Passim." Record at Vol. 1, Tab 15, Demurrer, at iv, Docket #3.

1    defense is anticipated in the plaintiff's complaint, and even if both parties admit
      that the defense is the only question truly at issue in the case.

2

3    *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116 (1936) (holding a suit does not "arise

4    under" the laws of United States because federal law prohibits the state claim).

5        Plaintiff's claim for relief sounds only in state law.  Defendants' Motion to Dismiss

6    summarizes Plaintiff's claim as such:

7        1.  At least one of [Plaintiff's] members has paid California income tax and real
           property taxes and assessments on property located within the City within the last

8          year;

9        2.  The City and Port receive and benefit from state and local monies.  These state
           and local monies are then used for Port operations, including the Airport, in part to

10         support and finance the ACDBE Program and in part to implement and administer
           the ACDBE Program; and

11

12       3.  The City and Port have a "duty to enforce the California Constitution by not
           engaging in discrimination or granting preferential treatment on the basis of race,
           sex, color, ethnicity, or national origin in the operation of public contracting"

13         pursuant to Prop. 209.

14   Defs' Mtn to Dismiss at 7, Docket #9 (internal citations to Plaintiff's Complaint omitted).  Even

15   Defendants' characterization of Plaintiff's claim shows that Plaintiff only brings a state law cause

16   of action.

17   **A.   Defendants' Preemption Defense Does Not
            Grant This Court Subject Matter Jurisdiction**

18

19       It is hornbook law that "[f]or better or worse, under the present statutory scheme as it has

20   existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff*'s

21   complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10.

22   This applies to original jurisdiction as well as federal courts' removal jurisdiction.  *Id.* at 11 n.9.

23   Defendants here argue that Plaintiff's claim is preempted by federal law.  Defs' Mtn to Dismiss

24   at 16:10-18:10, Docket #9.  Yet, even where "both parties admit that the only question for decision

25   is raised by a federal preemption defense," the Supreme Court has consistently held that this does

26   not grant federal courts subject matter jurisdiction.  *Franchise Tax Bd.*, 463 U.S. at 12; *see also*

27   *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 2 (2003) (citation omitted) ("Potential defenses,

28   including a federal statute's pre-emptive effect, do not provide a basis for removal."); *Gully*,

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1   299 U.S. at 116 ("a suit brought upon a state statute does not arise under an act of Congress or the

2   Constitution of the United States because prohibited thereby").

3          It is true that a corollary to the well-pleaded complaint rule occurs where a federal statute

4   completely preempts a cause of action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

5   However, "[t]he Supreme Court has construed only three federal statutes to so preempt their

6   respective fields as to authorize removal of actions seeking relief exclusively under state law." *In

7   re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005); *see also Anderson*, 539 U.S. at 10-11 (Sections 85

8   & 86 of the National Bank Act (NBA) provide the exclusive cause of action for usury against

9   national banks); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace

10  Workers*, 390 U.S. 557 (1968) (Section 301 of the Labor Management Relations Act (LMRA)

11  completely preempts claims under collective bargaining agreements); *Metro. Life Ins. Co. v.

12  Taylor*, 481 U.S. 58, 62 (1987) (Section 502(a) of the Employee Retirement Income Security Act

13  of 1974 (ERISA) completely preempts claims under employee benefit plans).  The holdings in this

14  line of cases is narrow, and courts should not expand the scope of the doctrine without clear

15  direction from Congress.  *See Metro. Life*, 481 U.S. at 64.

16         Plaintiff's claim is not made under ERISA, the LMRA, or the NBA.  To read 49 C.F.R.

17  part 23 as wholly preempting Plaintiff's Article I, section 31, claim, is to render null the Supreme

18  Court's consistent holding that federal regulatory defenses cannot be a basis for removal.

19  Defendants in their Motion to Dismiss do not even go this far; rather they decide to "focus on

20  conflict-preemption."  Defs' Mtn to Dismiss at 16:17, Docket #9.

21         "Conflict preemption," as discussed in the cases Defendants rely upon, does not mean

22  complete preemption.  Thus, conflict preemption does not grant federal courts subject matter

23  jurisdiction for purely state law claims.  Defendants first point to *Geier v. Am. Honda Motor Co.,

24  Inc.*, 529 U.S. 861 (2000).  In *Geier*, the Court noted, "[w]e have found no convincing indication

25  that Congress wanted to pre-empt, not only state statutes and regulations, but also common-law tort

26  actions."  *Id.* at 868.  In other words, while the National Traffic and Motor Vehicle Act of 1966

27  could act as a defense to certain state law claims, it did not completely preempt the field.

28  ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    In *Geier*, the case was originally brought in the District of Columbia (DC), using DC tort

2    principles. *Geier*, at 529 U.S. at 865.  Thus, the case provides little insight on removal.  The case

3    is used only to show that state law claims may survive federal regulation in a particular field, and

4    that preemption can be used *as a defense* in those circumstances.

5    Defendants next cite the Court to *English v. Gen. Elec. Co.*, 496 U.S. 72 (1990), a case

6    where the Supreme Court held that the plaintiff's state law claim was not preempted by federal law.

7    *Id.* at 90.  Again, however, this was a case originally filed in federal court on diversity principles.

8    *Id.* at 77.  As such, it provides no insight into whether a federal conflict preemption defense can

9    provide the basis for a federal court's jurisdiction.

10    Nearly all of the cases Defendants cite follow this pattern.  *See Hines v. Davidowitz*,

11    312 U.S. 52 (1941) (originally filed in federal court); *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*,

12    505 U.S. 88, 94 (1992) (originally filed in federal court); *Morales v. Trans World Airlines, Inc.*,

13    504 U.S. 374, 380 (1992) (originally filed in federal court); *Royal Foods Co. Inc. v. RJR Holdings*

14    *Inc.*, 252 F.3d 1102, 1104 (9th Cir. 2001) (originally filed in federal court); *Chevron, U.S.A., Inc.*

15    *v. Natural Res. Def. Council*, 467 U.S. 837, 841 (1984) (originally filed in federal court).  These

16    cases are inapposite to whether a conflict preemption defense grants a federal court subject matter

17    jurisdiction, because federal subject matter jurisdiction in the cited cases was not based on a

18    preemption defense.

19    Indeed, the lone case Defendants cite that was originally filed in state court supports

20    Plaintiff's argument.  In *Sprietsma v. Mercury Marine*, 537 U.S. 51 (2002), petitioner filed a state

21    tort action against the respondent, who argued, in *state court*, that the claim was preempted by

22    federal law.  *Id.* at 55.  In fact, the Illinois Supreme Court agreed, holding that petitioner's claims

23    were preempted by the Federal Boat Safety Act.  *Id.*  The Supreme Court reversed, holding that

24    there was no preemption.  *Id.* at 70.  More importantly, however, this case shows the correct

25    procedure, for plaintiffs and defendants alike, when a plaintiff asserts solely a state cause of action,

26    and the defendant defends that the claim is preempted by federal law—state court.

27    ///

28    ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    It is not within this Court's jurisdiction to determine whether Plaintiff's state law claim,

2 under Article I, section 31, of the California Constitution, is preempted by federal law.[2]

3 Defendants' conflict preemption defense is a matter for the state courts.  Accordingly, this Court

4 should not hear Defendants' Motion to Dismiss, and should remand the case to the state court in

5 which it began.

6 **B.    Plaintiff's Lack of Article III Standing Mandates Remand Not Dismissal**

7    In their Motion to Dismiss, Defendants use five pages to explain to the Court why

8 Plaintiff's claim does not meet Article III justiciability requirements. Defs' Mtn to Dismiss at 9:12-

9 14:21, Docket #9.  Plaintiff does not dispute this.  In fact, in both their Motion to Remand and their

10 previous filings in state court, Plaintiff has maintained that its standing is based solely on

11 California's citizen and taxpayer standing requirements. *See generally* Record at Vol. 1, Tab 1,

12 Complaint ¶ 2, Docket #3; *id.* at Vol. 4, Tab 24, Pltf's Opposition to Defs' Motion for Demurrer

13 at 15-22, Docket #6; Pltf's Mtn to Remand at 9:10-10:22.  Nevertheless, Defendants argue that

14 because of Plaintiff's lack of Article III standing, this Court should dismiss Plaintiff's claims.

15 Defs' Mtn to Dismiss at 14:21.

16    In *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995), Defendants removed

17 Plaintiff's claim arguing that Plaintiff's ERISA claim preempted state law claims and allowed

18 removal to federal court. *Id.* at 1026.  Defendants then moved for summary judgment. *Id.*  The

19 Ninth Circuit held that a Plaintiff's standing in federal court is a prerequisite to jurisdiction. *Id.*

20 at 1026-27.  The court reiterated an earlier holding that:

21      "[I]t would be contradictory to rule that state law claims are preempted where the
        court has already held that the same plaintiffs may not assert a claim under ERISA
22      because they [lack standing] . . . .  Unlike the Chesire [sic] Cat, one cannot have the
        smile of preemption without the stripes of participation."

23

24 ///

25

---

26 [2] While Plaintiff stresses that this Court does not have subject matter jurisdiction to rule on
   Defendants' preemption defense, Plaintiff disputes that its Article I, section 31, claim is preempted
27 by federal law. *See generally Coal. for Econ. Equity v. Wilson*, 122 F.3d 692 (9th Cir. 1997); *Coal.
   for Econ. Equity v. Wilson*, 946 F. Supp. 1480, 1518 (N.D. Cal. 1996); *Hi-Voltage*, 24 Cal. 4th
28 at 569.

1    *Id.* at 1027 (quoting *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 934 (9th Cir.

2    1994)).  Similarly, Defendants here argue that Plaintiff's claim is preempted by federal law.[3]  Defs'

3    Mtn to Dismiss at 16:10-18:10.  However, without standing to enforce the federal law, there can

4    be no federal law preemption.  *Curtis*, 53 F.3d at 1027.

5              This Court has also addressed the issue in *Beltz Travel*, 379 F. Supp. 948.  There, plaintiffs

6    *expressly* stated federal causes of action.  *Id.* at 949.  Defendants removed "because while relief

7    is sought under a California consumer protection statute, Plaintiffs cannot prevail on the merits

8    without establishing their claim, expressly made in the complaint, that Defendants are violating

9    federal law."  *Id.*  While standing was expressly conferred upon plaintiffs in state court, "standing

10   to bring the same suit in federal court [was] questionable."  *Id.* at 950.  The Court held:

11              While persons directly injured by violations of the federal regulatory statutes cited
             in the complaint would be entitled to maintain an action in federal court based on
12           those violations, Plaintiffs in the present action *lack standing* to vindicate the
             statutory rights of individuals . . . .  Since Plaintiffs *lack standing* to maintain an
13           action in federal court based on the federal issues raised in the complaint, the case
             was *improperly removed* from state court.  Accordingly, it is hereby ordered that
14           this case *be remanded* to the state court in which it was filed.

15   *Id.* at 950-51 (citations omitted; emphasis added).  This Court reiterated the *Beltz Travel* holding

16   in *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925 (N.D. Cal. 1992).  There this Court

17   held, "[w]here sufficient doubt or ambiguity exists concerning the court's jurisdiction, all such

18   doubts should be resolved in favor of remanding to the state court."  *Id.* at 930.

19              Both parties agree that Plaintiff does not meet Article III standing requirements.

20   Accordingly, this Court cannot reach Defendants' Motion to Dismiss and should remand the action

21   to state court in which it began.

22                                                  **III**

23                                    **DEFENDANTS' REMAINING**
                           **ARGUMENTS FOR DISMISSAL DO NOT GRANT**
24                         **THIS COURT SUBJECT MATTER JURISDICTION**

25              In addition to the arguments already addressed, Defendants make three additional

26   arguments for dismissal of Plaintiff's claim:  (1) Plaintiff's suit is not ripe for adjudication;

27   _____

28   [3] Plaintiff disputes any preemption, more importantly, however, this Court lacks the subject matter
     jurisdiction to decide whether there is preemption.  *See supra* Part II.A.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1    (2) Plaintiff's suit is moot; and (3) Plaintiff's claim is barred by the statute of limitations.  None

2    of these provide this Court with subject matter jurisdiction necessary to hear the dismissal.

3         In their Motion to Dismiss, Defendants argue that Plaintiff's claim is not ripe for

4    adjudication.  Defs' Mtn to Dismiss at 13:9-14:21, Docket #9.  Defendants note, "[t]he ripeness

5    doctrine derives both from Article III limitations on judicial power and prudential reasons for

6    refusing to exercise jurisdiction."  *Id.* at 13:15-17.  While Plaintiff disputes that the action is not

7    ripe,[4] there is no dispute that there exist Article III and prudential reasons for the Court to refuse

8    to exercise jurisdiction.  Aside from the arguments reiterated in this motion (this Court's lack of

9    subject matter jurisdiction), Plaintiff has previously noted that Defendants failed to remove this

10   action within the 30-day time limit prescribed by 28 U.S.C. § 1446(b).  Pltfs' Mtn to Remand

11   at 4:6-7:12, Docket #27.  For these reasons, remand, not dismissal, is proper.

12        Within the rubric of Defendants' ripeness argument, Defendants note in passing that, "any

13   opinion the court could render on this matter will be moot by the time it hears argument on the

14   instant motion."  Mootness is also an Article III consideration.  *See Spencer v. Kemna*, 523 U.S. 1,

15   7 (1998).  Again, whether the action would be moot in federal court does not render it moot under

16   state justiciability principles.  Although Plaintiff disputes that Defendants RJN Exhibit 18 can be

17   determinative on the issue of mootness,[5] Defendants remain free to argue mootness in the state

18   court after remand.

19        It is unclear to Plaintiff why Defendants urge this Court to enter final judgment on

20   Plaintiff's lack of a case or controversy under Article III principles.  Plaintiff has never asserted it

21   met (or meets) such principles.  State courts are free to apply state standing principles even in cases

22   where the Plaintiff asserts a federal cause of action.  *See City of L.A. v. Lyons*, 461 U.S. 95, 113

---

23

24   [4] It is clear that Defendants' ripeness argument is based solely on Article III justiciability requirements.  Plaintiff has consistently maintained that the concrete injury suffered on it and its members is the unconstitutional manner in which Defendants are spending its California tax

25   dollars.  Complaint ¶ 2.  Thus, the issue is whether the claim is ripe under California principles. For the reasons stated in this motion (as well as Plaintiff's Motion to Remand), this is not a matter

26   for this Court.

27   [5] For example, the FAA letter Defendants claim is definitive on mootness, contradicts itself stating, "[y]our ACDBE goal of 18.7% (race-conscious) is approved and covers a *three-year* period of

28   time, January 1, 2006 through January 1, 2008."  Defs' RJN Exhibit 18 (emphasis added).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

1   (1983); *N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1, 8 n.2 (1988).  Thus, the futility of

2   final judgment on Plaintiff's failure to meet Article III justiciability requirements is clear.  Such

3   a ruling would not prevent Plaintiff from litigating the exact same case under California

4   justiciability principles.

5          Defendants' final argument for dismissal is that Plaintiff's claim is barred by the "one-year"

6   statute of limitations.  Defs' Mtn to Dismiss at 15:14-16:9.  This argument was previously made

7   in state court and briefed by both parties.  There is nothing in the argument granting this Court

8   subject matter jurisdiction to hear or dismiss Plaintiff's claim, and Defendants remain free to argue

9   that Plaintiff's *state* law claim is barred by a *state* statute of limitations.

10  **CONCLUSION**

11         For the foregoing reasons, this Court should not entertain Defendants' Motion to Dismiss

12  and should remand the matter to the Superior Court for Alameda County in which it began.

13         DATED:  January 4, 2008.

14                  Respectfully submitted,

15                  SHARON L. BROWNE
                    RALPH W. KASARDA
16                  JOSHUA P. THOMPSON

17

18

19                  By       /s/ Joshua P. Thompson
                          JOSHUA P. THOMPSON

20                  Attorneys for Plaintiff

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747