Mara E. Rosales (SBN: 104844)
mrosales@meyersnave.com
Joseph M. Quinn (SBN: 171898)
jquinn@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767

Attorneys for Defendants
CITY OF OAKLAND and
PORT OF OAKLAND

David L. Alexander, Port Attorney (SBN: 59069)
dalexand@portoakland.com
Danny Wei Wan, Deputy Port Attorney (SBN: 168323)
dwan@portoakland.com
PORT OF OAKLAND
530 Water Street
Oakland, California 94607
Telephone: (510) 627-1136
Facsimile: (510) 444-2096

Attorneys for Defendant
PORT OF OAKLAND

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California and the PORT OF OAKLAND, a public entity,<br><br>        Defendants. | CASE NO. CV 07-6058 (CRB)<br><br>**DECLARATION OF MARA E. ROSALES IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES**<br><br>Date:       January 25, 2008<br>Time:      10:00 a.m.<br>Courtroom: 8, 19th Floor<br><br>The Honorable Charles R. Breyer<br><br>Complaint Filed: July 6, 2007 |

1          I, Mara E. Rosales, do hereby declare as follows:

2          1.    I am an attorney licensed to practice in the State of California since 1982.  I am also

3   admitted to practice in this Court.

4          2.    I have personal knowledge of the following facts and if called as a witness I could

5   and would testify competently thereto.

6          3.    On December 20, 2007, I had a telephone conversation with Sharon Browne of the

7   Pacific Legal Foundation and the attorney who represents Plaintiff, American Civil Rights

8   Foundation, in the above-entitled action.  Ms. Dana Zamczyk, an attorney who is an associate of

9   my law firm, Meyers, Nave, Riback, Silver & Wilson, was in my office at the time of the call with

10  Ms. Browne and also participated in the telephone conference.  Ms. Browne had Ralph Kasarda

11  and Joshua Thompson, attorneys with the Pacific Legal Foundation, in her office, and they too

12  participated in the telephone conference.

13         4.    I initiated the call to Ms. Browne for the purpose of discussing our respective legal

14  positions in light of Plaintiff's Motion to Remand the above-entitled matter to state court.

15         5.    In the December 20, 2007 conversation, Ms. Browne and I reached a mutual

16  understanding on two factual points:  First, we agreed that the July 6, 2007 complaint filed by the

17  Plaintiff in Alameda County Superior Court only alleged a cause of action based on state law

18  grounds - that the Port of Oakland's Airport Concession Disadvantaged Business Enterprise

19  Program (ACDBE Program) contains provisions which allegedly violate Article I, Section 31 of

20  the California Constitution.

21         6.    The second point about which Ms. Browne and I reached a common understanding

22  is that Plaintiff claims that Defendant Port of Oakland is not in compliance with the provisions of

23  49 CRF Part 23, a federal regulation. It is this alleged noncompliance which causes the Plaintiff to

24  assert there is a violation of California Constitution Article I, Section 31, known as Proposition

25  209.

26         7.    On December 21, 2007, I memorialized the conversation I had with Ms. Browne

27  and her colleagues.  A true and correct copy of the correspondence I prepared to Ms. Browne is

28  attached as Exhibit "1" to this declaration.  Ms. Browne responded to that correspondence on

December 27, 2007, a true and correct copy of which is attached as Exhibit 2. I replied to Ms. Browne on January 2, 2008 and she also replied to this latter correspondence on the same day. True and correct copies of these January 2, 2008 letters between counsel are attached hereto as Exhibits 3 and 4, respectively.

8.    On December 19, 2007 I requested my assistant, Alicia Gallardo-Reyes, to research public records to ascertain when Mr. Joshua Thompson, California Bar No. 250955, was admitted to practice in the U.S. District Court for the Northern District. That same day, Ms. Gallardo-Reyes checked the Court's website, which lists the attorneys admitted to the court within 40 days before December 19, 2007. Ms. Gallardo-Reyes provided me with a print out of this list. Mr. Thompson is on the list and it states he was admitted to practice in this Court on December 11, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of January, 2008 in San Francisco, California.

_____
Mara E. Rosales

1042777.1

Declaration of Mara E. Rosales In Support of Defendants'     [CV07-06058 (CRB)]
Opposition to Motion to Remand

EXHIBIT 1

**meyers | nave** riback silver & wilson

professional law corporation

Mara E. Rosales
Attorney at Law
415.421.3711

December 21, 2007

Sharon L. Browne
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, CA 95834

**Re:     ACRF v. Oakland (USDC No. CV 07-06058 CRB)**

Dear Sharon:

This letter memorializes our December 20, 2007, telephone conversation and provides additional information regarding the issues discussed. As you know, I initiated the call for the purpose of discussing our respective legal positions in light of your motion to remand the above referenced matter to state court.

In that conversation we reached a mutual understanding on the following two factual points. First, the Complaint you filed in Alameda County Superior Court on July 6, 2007, only alleges a cause of action which is based on state law grounds-- that the Port of Oakland's Airport Concession Disadvantaged Business Enterprise (ACDBE) Program allegedly is a municipal contracting program which contains race/gender provisions which allegedly violate Article I, Section 31 of the California Constitution. Second, you explained and confirmed that the above mentioned state constitutional allegation is based upon a federal claim not stated in the Complaint, that the Port did not comply with either the federal equal protection clause or the provisions of a federal regulation, 49 CFR Part 23.

I stated the Defendants' position, as set forth in our moving papers in support of our state court demurrer to the Complaint, that the ACDBE Program at issue in not a municipal program. Thus, Section 31(a) simply does not apply as a matter of law to a federally created and mandated ACDBE program under Part 23. I also noted that the issue of federal constitutional/regulatory compliance was first raised in your opposition to our moving papers in state court. Your explanation yesterday of Plaintiff's position confirms this point and as a result my removal notice is both timely and appropriate.

Given the above understandings between us, I stated that your motion to remand was without merit. I advised you that a claim that the Port, a federally assisted airport sponsor, is not in compliance with 49 CFR Part 23 cannot be brought by a plaintiff in state court. I said that there is no private right of action to challenge an airport grant recipient's non compliance with FAA regulations. *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1072 (N.D. Cal. 1988), see also *Northwest Airlines, Inc. v. County of Kent, Michigan*, 955 F.2d 1054, 1058 (6th Cir. 1992) *aff'd on other grounds*, 510 U.S. 355 (1994).

As I explained yesterday and in our moving papers in both state and federal district court, the Port's adoption of the ACDBE Program is mandated by 49 CFR Part 23. Part 23 is both a statutory grant condition under 49 USC Section 47107 et. seq. and a contract condition imposed by the United States of America, through the DOT/FAA, in federal funding agreements with the Port. The DOT/FAA are the parties

575 Market Street, Suite 2600 | San Francisco, California 94105 | tel 415.421.3711 | fax 415.421.3767 | www.meyersnave.com

OAKLAND • SANTA ROSA • SACRAMENTO • SAN FRANCISCO • LOS ANGELES

Sharon L. Brown
December 21, 2007
Page 2

who have exclusive jurisdiction to decide whether the Port is in compliance with Part 23's requirements.  As you know, last year the FAA approved, in writing, the Port's ACDBE Program.

49 CFR Parts 23 and 26 do provide for detailed administrative remedies for allegations such as ACRF's.  The proper avenue available to ACRF is under Section 23.11 of Part 23.  That section explains that the compliance and enforcement provisions of 49 CFR Part 26, Sections 26.101, 26.105 and 26.107 apply to Part 23 in the same way that they apply to FAA grant recipients and programs under Part 26.  According to the language set forth under Part 26.105 (c) "[a]ny person who knows of a violation of this part by a recipient of FAA funds may file a complaint under 14 CFR Part 16 with the Federal Aviation Administration Office of Chief Counsel."

I suggest you look closely at the authorities cited and withdraw the motion to remand and dismiss the complaint against the Port and City of Oakland.


Very truly yours,

Mara E. Rosales
Attorney at Law

MER:agr
1041609.1

Cc:    Danny Wan, Esq.

EXHIBIT 2



# PACIFIC LEGAL FOUNDATION

December 27, 2007

Mara E. Rosales, Esq.                          **VIA FACSIMILE (415) 421-3767**
Meyers, Nave, Riback, Silver & Wilson               **AND FIRST-CLASS MAIL**
575 Market Street
Suite 2600
San Francisco, CA 94105

Re:  *American Civil Rights Foundation v. City of Oakland, et. al.*, USDC No. CV 07-06058 CRB

Dear Mara:

This letter is to respond and strongly object to your letter of December 21, 2007, wherein you purport to memorialize our December 20, 2007, telephone conversation on speaker phone. Your associate Dana attended in your office, and with me were attorneys Ralph Kasarda and Joshua Thompson. No disrespect is intended, but your letter does not accurately summarize our telephone conversation, and is in fact almost completely misstates our position. Also, your letter was faxed to our office after business hours on December 21, 2007, and after the office had closed for the Christmas holiday. We did not receive it until December 26.

During our conversation, we agreed with you that our Complaint for Declaratory and Injunctive Relief filed in the Alameda County Superior Court on July 6, 2007, alleges only one cause of action which is based wholly on state law grounds. That cause of action is based solely on Article I, Section 31, of the California Constitution, popularly known as Proposition 209. That was perhaps our only subject of agreement.

We most certainly did not agree during the telephone conversation, or at any other time, that the state law cause of action is based upon a federal claim not stated in the Complaint. If you remember, that is an accusation you made during one of your heated and lengthy statements against our assertion that your notice of removal was improper. I clearly stated that the Complaint only alleges a cause of action for violation of Article I, Section 31(a), and not any federal claim. We also indicated that in no way does the Complaint challenge the federal regulations at 49 C.F.R. pt. 23. In fact, the federal issue was first raised by you in your Demurrer as an apparent affirmative defense.

Headquarters: 3900 Lennane Drive, Suite 200 • Sacramento, CA 95834 • (916) 419-7111 • Fax: (916) 419-7747
Alaska: 121 West Fireweed Lane, Suite 250 • Anchorage, AK 99503 • (907) 278-1731 • Fax: (907) 276-3887
Atlantic: 1002 SE Monterey Commons Blvd., Suite 102 • Stuart, FL 34996 • (772) 781-7787 • Fax: (772) 781-7785
Hawaii: P.O. Box 3619 • Honolulu, HI 96811 • (808) 733-3373 • Fax: (808) 733-3374 • Oregon: (503) 241-8179
Washington: 10940 NE 33rd Place, Suite 210 • Bellevue, WA 98004 • (425) 576-0484 • Fax: (425) 576-9565
E-mail: plf@pacificlegal.org • Web Site: www.pacificlegal.org

Mara E. Rosales, Esq.
December 27, 2007
Page 2

We do understand from your Demurrer that you are claiming the Article I, Section 31(e), federal funding exception as a defense. However, during our telephone conversation, we explained to you that a federal issue raised in a defense by a defendant does not establish subject matter jurisdiction based upon a federal question. Because it is the Defendants here who raised a federal issue through their Demurrer, the Notice of Removal is untimely and improper.

We also clearly articulated our position that because Plaintiff lacks standing under Article III of the United States Constitution, this is a matter that could not have been initially brought in federal court. For that reason, the district court does not have subject matter jurisdiction which provides another reason why your removal was improper.

The telephone conversation ended with our seeking a stipulation from you to continue the hearing on your Motion to Dismiss so the Court could properly hear and rule on our Motion to Remand before turning to your motion. You refused us the courtesy of any such stipulation and we stated that we would be forced to proceed *ex parte* for a continuance. Later, I e-mailed you to inform you that we would not be filing an *ex parte* application, but in fact will file an opposition to your Motion to Dismiss.

The cases you cited in your letter do not apply to the facts of our case. The cases of *Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D. Cal. 1998), and *Northwest Airlines, Inc. v. County of Kent, Mich.*, 955 F.2d 1054 (6th Cir. 1992), involve federal claims in federal court, not state causes of action in state court.

While your letter contains numerous discrepancies, we do appreciate your efforts to share with us your understanding of the December 20, 2007, telephone conversation. Please do not hesitate to contact us should you have any questions.

Sincerely,

*Sharon L. Browne*

SHARON L. BROWNE
Principal Attorney

# EXHIBIT 3

**m e y e r s | n a v e** riback silver & wilson

professional law corporation

Mara E. Rosales
Attorney at Law
415.421.3711

January 2, 2008

Sharon L. Browne
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, CA 95834

Re:    ACRF v. Oakland (USDC No. CV 07-06058 CRB)

Dear Sharon:

Thank you for your letter dated December 27, 2007 responding to my December 21, 2007 correspondence. My reply to your letter is so that we are each clear on the respective legal positions of our clients.

First, I am pleased that we are in agreement that the Complaint in the above-referenced case only alleges a single cause of action. Second, while you may dislike the manner in which I describe the 49 CFR Part 23 issue, you did acknowledge during our telephone call that you claim that the Port is not in compliance with that federal regulation and that this alleged non compliance is what causes the Plaintiff to assert there is a violation of Proposition 209. You also state this position in your opposition to my demurrer at page 6.

While you continue to assert that Defendants' defense is based on Article I, Section 31(e), and that "the federal issue was first raised by [me] in [my] Demurrer as an apparent affirmative defense", you should also remember that I said you were mistaken. I referred you to the Complaint and identified the paragraph where *you first* mention subsection (e). (See Complaint, para. 9.) Additionally, I restated my legal position, which I reminded you was front and center in my demurrer brief: that a plain reading of Proposition 209, *as a whole, and especially in light of its legislative history*, does not affect federally mandated ACDBE programs under 49 CFR Part 23 as a matter of law. Plaintiff's "federal regulatory non compliance issue" is fundamentally distinct from Defendants' "Prop. 209 does not apply to federally mandated *and approved* ACDBE programs" position. Our Joint Case Management Conference Statement, filed in state court and attached for your reference, accurately reflects these points.

I do appreciate your professionalism in discussing these issues. However, I find it troubling that at times you or your colleagues change my legal arguments so that you can maintain the credibility of your legal position. I request that you discontinue that practice.

Last, I find your statement about the federal authorities I cite in my December 21st letter to be almost frivolous. The rule of law is clear: no private right of action exists under the Airport and Airway Improvement Act (AAIA), 49 USCA Section 47107 et. seq., to challenge a violation or seek enforcement of one of the Act's provisions. (See Four T's Inc. v. Little Rock Municipal Airport, 108 F.3d 909, 915 (8th Cir. 1997) [reviewing the decisions of several circuits and agreeing that "the AAIA lacked language that 'could run in favor of private plaintiffs'; and the AAIA's enforcement scheme did not suggest Congress intended to create a private right of action."].) As you know, the ACDBE Program you challenge is a product of the

575 Market Street, Suite 2600 | San Francisco, California 94105 | tel 415.421.3711 | fax 415.421.3767 | www.meyersnave.com

OAKLAND • SANTA ROSA • SACRAMENTO • SAN FRANCISCO • LOS ANGELES

Sharon L. Browne
January 2, 2008
Page 2

FAA's determination of the Port's compliance with 49 CFR Part 23, which is the regulatory scheme implementing 49 USCA Section 47107 (e) of the AAIA.  Your client's Prop. 209 action is based on an interpretation of Part 23 which is obviously different than the FAA's interpretation.  If your client disagrees with how the FAA has exercised its discretion concerning the Port's compliance with Part 23, it can make an administrative complaint to the FAA. It cannot state a cause of action against the FAA or against the Port for following the FAA's directive on this grant condition.

Based on the above, I again request that you withdraw the motion to remand and dismiss the complaint.

Very truly yours,

Mara E. Rosales
Attorney at Law

MER:vb
1043212.1

cc:     Danny Wan, Esq.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Sharon L. Browne, SBN 119246    Mara E. Rosales, SBN 104844
Pacific Legal Foundation    Joseph M. Quinn, SBN 171898
3900 Lennane Drive, Suite 200    Meyers, Nave, Riback, Silver & Wilson
Sacramento, CA 95834    575 Market Street, Suite 2600
    San Francisco, CA 94105

TELEPHONE NO.: (916) 419-7111    FAX NO. *(Optional):* Tel: (415) 421-3711
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* ACRF    /    CITY OF OAKLAND and PORT OF OAKLAND

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612-4293
BRANCH NAME: Renee C. Davidson Courthouse

**COPY**

E N D O R S E D
F I L E D
ALAMEDA COUNTY

NOV 0 1 2007

By _L. Newt_ Exec. Off./Clerk

PLAINTIFF/PETITIONER: AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation
DEFENDANT/RESPONDENT: CITY OF OAKLAND, a political subdiv. of the State of Calif., and PORT OF OAKLAND, a public entity

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | RG07334277 |

**BY FAX**

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: November 19, 2007    Time: 8:30 a.m.    Dept.: 21    Div.:    Room:
Address of court *(if different from the address above):*
1221 Oak Street, 4th Floor, Oakland, CA 94612

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [ ] This statement is submitted by party *(name):*
   b. [X] This statement is submitted jointly by parties *(names):* Plaintiff, AMERICAN CIVIL RIGHTS FOUNDATION and CITY OF OAKLAND/PORT OF OAKLAND

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 12, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(describe, including causes of action):*
   Complaint for Declaratory and Injunctive Relief. Cause of Action for violation of Article I, Section 31 of the California Constitution (Proposition 209).

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Legal Solutions Plus | Page 1 of 4 Cal. Rules of Court, rules 3.720-3.730 |
|---|---|---|---|

11-1-07/F

CM-110

| PLAINTIFF/PETITIONER: AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation<br>DEFENDANT/RESPONDENT:CITY OF OAKLAND, a political subdiv. of the State of Calif., and PORT OF OAKLAND, a public entity | CASE NUMBER:<br>RG07334277 |
|---|---|

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
         See Attachment 4b.

          [X]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request [ ] a jury trial [X] a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  [ ]   The trial has been set for *(date):*
    b.  [X]   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
         Joe Quinn, October 18-November 6, 2008 Out of the country

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  [X]   days *(specify number):* one day
    b.  [ ]   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial [X] by the attorney or party listed in the caption [ ] by the following:
    a.   Attorney:
    b.   Firm:
    c.   Address:
    d.   Telephone number:
    e.   Fax number:
    f.   E-mail address:
    g.   Party represented:
    [X]  Additional representation is described in Attachment 8.

9.  **Preference**
    [ ]   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel [X] has [ ] has not      provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  [X]  All parties have agreed to a form of ADR. ADR will be completed by *(date):* Premature at this time. Demurrer pending to be heard
    c.  [ ]  The case has gone to an ADR process *(indicate status):*      December 7, 2007

**CASE MANAGEMENT STATEMENT**

PLAINTIFF/PETITIONER: ~~Case 3:07-cv-06058-CRB~~ CIVIL RIGHTS FOUNDATION, a Filed 01/04/2008
public benefit corporation
DEFENDANT/RESPONDENT: CITY OF OAKLAND, a political subdiv. of the State of
Calif., and PORT OF OAKLAND, a public entity

CASE NUMBER:
RG07334277

10. d. The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☒ Other *(specify):* Defendants are amenable to Mediation; Plaintiff belives ADR is inappropriate for this case in equity.

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

Status:

## 14. Related cases, consolidation, and coordination

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 15. Bifurcation

  ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* Pending outcome of demurrer, a potential bifurcation may be required to address the legal issues raised by Plaintiff's pleadings; Plaintiff believes birfucation is unnecessary because only one cause of action is alleged.

## 16. Other motions

  ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Parties expect to file simultaneous motions for summary judgment in Aug-Sep 2008, and have agreed to coordinate a briefing schedule.

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation<br>DEFENDANT/RESPONDENT: CITY OF OAKLAND, a political subdiv. of the State of Calif., and PORT OF OAKLAND, a public entity | CASE NUMBER:<br>RG07334277 |
|---|---|

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Both Parties | Written Discovery | End of April 2008 |
| Both Parties | Depositions | As Required |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* The parties request the CMC conference be continued until after the 12/7/07 hearing on Defendants' Demurrer.

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* The parties request the CMC conference be continued until after the 12/7/07 Demurrer hearing.

**21. Case management orders**

Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 11/01/07

Sharon L. Browne
_____
(TYPE OR PRINT NAME)

► *Sharon L. Browne*
(SIGNATURE OF PARTY OR ATTORNEY)

Joseph M. Quinn
_____
(TYPE OR PRINT NAME)

► *Joseph Quinn*
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

*American Civil Rights Foundation v. City of Oakland and Port or Oakland*
Alameda County Superior Court Case No.:  RG07334277

**ATTACHMENT NO. 4b**
**CASE MANAGEMENT STATEMENT**

<u>**Plaintiff's Description of the Case:**</u>

Plaintiff ACRF alleges that Defendants City and Port of Oakland are in violation of
Article I, Section 31 of the California Constitution for their decision to implement race-
and sex-based affirmative action measures in support of the Airport Concession
Disadvantaged Business Enterprise (ACDBE) Program at the Oakland International
Airport, without substantial evidence of past discrimination.  Defendants contend the
ACDBE Program is a federally mandated program, allowed by Article I, Section 31(e),
and challenge Plaintiff's standing and timeliness in bringing this action.  Defendants'
Demurrer is set for hearing on December 7, 2007 in this department (D-21).

<u>**Defendant's Description of the Case:**</u>

ACRF alleges that the Port of Oakland's federally mandated Airport Concession
Disadvantaged Business Enterprise Program (ACDBE Program) violates article I, Section
31 of the California Constitution (Proposition 209).  ACRF seeks a declaration that the
ACDBE Program is unconstitutional, invalid and unenforceable and a prohibitory
injunction restraining the Defendants from enforcing the ACDBE Program.  Defendants
believe that the Port's ACDBE Program satisfies all legal requirements and that ACRF's
claim for relief should be denied.  Defendants have demurred on the grounds that the
Program is not prohibited by Proposition 209; the City is not a property party because the
Port is an independent department; Plaintiff lacks standing to bring an action and a facial
challenge to the Program is barred by one-year statute of limitations.

*American Civil Rights Foundation v. City of Oakland and Port or Oakland*
Alameda County Superior Court Case No.: RG07334277

**ATTACHMENT NO. 8**
**CASE MANAGEMENT STATEMENT**

Sharon L. Browne, Esq.
Alan W. Foutz. Esq.
Ralph W. Kasarda, Esq.
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834

Attorneys for Plaintiff, ACRF

Mara E. Rosales
Joseph M. Quinn
Dana S. Zamczyk
Rachel Gardunio
Meyers, Nave, Riback, Silver & Wilson
575 Market Street, Suite 2600
San Francisco, CA  94105

Attorneys for Defendants
City of Oakland and Port of Oakland

David L. Alexander
Danny Wan
Port of Oakland
530 Water Street
Oakland, CA 94607

Attorneys for Defendants
Port of Oakland

# PROOF OF SERVICE

I am employed in the City of Oakland and County of Alameda, California. I am over the age of 18 years and not a party to the within action. My business address is MEYERS, NAVE, RIBACK, SILVER & WILSON, 555 12th Street, Suite 1500, Oakland, CA 94607.

On November 1, 2007, I served the within:

- **CASE MANAGEMENT STATEMENT**

on the parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Sharon L. Brown, Esq.<br>Alan W. Foutz<br>Ralph W. Kasarda, Esq.<br>Pacific Legal Foundation<br>3900 Lennane Drive, Suite 200<br>Sacramento, California 95834 | Attorneys For Plaintiff,<br>American Civil Rights Foundation<br>Telephone: (916) 419-7111<br>Facsimile: (916) 419-7747 |

__X__   (BY FIRST-CLASS MAIL)  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oakland, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED at San Francisco, California, on November 1, 2007.

*Michelle Vancil*
Michelle Vancil

1

Proof of Service

EXHIBIT 4



# PACIFIC LEGAL FOUNDATION

January 2, 2008

Mara E. Rosales, Esq.                                **VIA FACSIMILE (415) 421-3767**
Meyers, Nave, Riback, Silver & Wilson               **AND FIRST-CLASS MAIL**
575 Market Street
Suite 2600
San Francisco, CA 94105

Re:  *American Civil Rights Foundation v. City of Oakland, et. al.*, USDC No. CV 07-06058 CRB

Dear Mara:

Thank you for your letter dated January 2, 2008.  My reply is to further clarify your misunderstanding of our position.

I too am pleased that you acknowledge that Plaintiff's allege only one cause of action, namely for a violation of Article I, section 31, of the California Constitution.  But, that appears to be the only thing we agree on.

Your belief that Paragraph 9 of the Complaint raises a federal issue is mistaken.  Paragraphs 6-9 are under the subheading "Article 1, Section 31, of the California Constitution."  Paragraph 6, provides the date Proposition 209 was adopted and quotes Section 31(a).  Paragraph 7 explains that Section 31 applies to the state and its political subdivisions, including the Defendants.  It then quotes Section 31(f).  Paragraph 8 provides the judicial construction of Section 31 citing *Hi-Voltage Wire Works, Inc. v. City of San Jose*, 24 Cal. 4th 537 (2000), and *C & C Construction, Inc. v. Sacramento Municipal Utility District*, 122 Cal. App. 4th 284 (2004) (quoting *Connerly v. State Personnel Board*, 92 Cal. App. 4th 16 (2001).  Paragraph 9 continues with Section 31 mentioning Section 31(e), the federal funding exception, again quoting *C & C Construction*.  Clearly, Paragraph 9 of the Complaint does not raise a "federal issue."  I hope this clarifies your understanding that a federal issue was *not* raised in the Complaint.

Next, you point to our Joint Case Management Statement.  However, the only statement I can discover in the document referencing Section 31(e) is Plaintiff's statement that, "Defendants contend the ACDBE Program is a federally mandated program, allowed by Article I, Section 31(e)."  You also mention that the Case Management Statement "accurately reflects" that "Prop. 209 does not

Headquarters: 3900 Lennane Drive, Suite 200 · Sacramento, CA 95834 · (916) 419-7111 · Fax: (916) 419-7747
Alaska: 121 West Fireweed Lane, Suite 250 · Anchorage, AK 99503 · (907) 278-1731 · Fax: (907) 276-3887
Atlantic: 1002 SE Monterey Commons Blvd., Suite 102 · Stuart, FL 34996 · (772) 781-7787 · Fax: (772) 781-7785
Hawaii: P.O. Box 3619 · Honolulu, HI 96811 · (808) 733-3373 · Fax: (808) 733-3374 · Oregon: (503) 241-8179
Washington: 10940 NE 33rd Place, Suite 210 · Bellevue, WA 98004 · (425) 576-0484 · Fax: (425) 576-9565
E-mail: plf@pacificlegal.org · Web Site: www.pacificlegal.org

Mara E. Rosales, Esq.
January 2, 2008
Page 2

apply to federally mandated and approved ACDBE Programs." I believe you are referring to *Defendants* description of the case that "Defendants have demurred on the grounds that the Program is not Prohibited by Prop. 209." I'm sure you agree, that these brief summary descriptions in the Joint Case Management Statement clearly disclose that Plaintiff has not raised a federal issue in the Complaint.

In your last paragraph, you reach a legal conclusion that is clearly at odds with our Complaint and our position. As discussed above, your attempts to reframe the issues in our Complaint are unavailing. Moreover, in our Motion to Remand and in our telephone conversations we have clearly stated that the federal court does not have jurisdiction because, among other things, any federal issue was raised in your demurrer and your notice of removal was out of time. Because we are unable to resolve this matter, it will be for the courts to decide.

Again, we appreciate your professional courtesy.

Sincerely,

*Sharon L. Browne*

SHARON L. BROWNE
Principal Attorney