SHARON L. BROWNE, No. 119246
slb@pacificlegal.org
RALPH W. KASARDA, No. 205286
rwk@pacificlegal.org
JOSHUA P. THOMPSON, No. 250955
jpt@pacificlegal.org
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity,<br><br>    Defendants. | No. CV 07-06058 CRB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES**<br><br>Date: January 25, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>Judge: The Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   I.   THIS COURT DOES NOT HAVE SUBJECT
       MATTER JURISDICTION TO HEAR THIS CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.  Lack of Article III Standing Mandates Remand Not Dismissal . . . . . . . . . . . . . . . 3

      B.  Remand to State Court Is Not Futile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      C.  Plaintiff Has Not Alleged a Cause of Action Under Federal Law . . . . . . . . . . . . . 9

          1.  Plaintiff's Claim Under Article I, Section 31, of the California
              Constitution Is Not Completely Preempted By Federal Law . . . . . . . . . . . . . . 9

          2.  Defendants' Argument Under 28 U.S.C. § 1442(a)(1)
              Is Time-Barred and an Inapplicable Basis for Removal . . . . . . . . . . . . . . . . . . 10

   II.  DEFENDANTS' REMOVAL IS UNTIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

   III. PLAINTIFF IS ENTITLED TO ITS COSTS AND ATTORNEYS'
       FEES INCURRED IN CHALLENGING THIS IMPROPER REMOVAL . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# TABLE OF AUTHORITIES

Page

**Cases**

*Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 9-10

*Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . 11

*Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7-8

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809 (N.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . 6-7

*Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*,
    999 F.2d 745 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Britton v. Rolls Royce Engine Services*, No. C05-01057 SI,
    2005 WL 1562855 (N.D. Cal. June 30, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*C & C Constr., Inc. v. Sacramento Mun. Util. Dist.*, 122 Cal. App. 4th 284 (2004) . . . . . . . . . 9

*City of L.A. v. Lyons*, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Clio Convalescent Ctr. v. Michigan Dep't of Consumer & Indus. Services*,
    66 F. Supp. 2d 875 (E.D. Mich. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Connerly v. State Pers. Bd.*, 92 Cal. App. 4th 16 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cornelius v. L.A. County Metro. Transp. Auth.*, 49 Cal. App. 4th 1761 (1996) . . . . . . . . . . . . 8

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Heckler v. Mathews*, 465 U.S. 728 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Miles*, 430 F.3d 1083 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 11

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine
    Dep't of Human Services*, 876 F.2d 1051 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . 1, 4-5

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mirto v. Am. Int'l Group, Inc.*, No. C-04-4998-VRWG,
    2005 WL 827093 (N.D. Cal. Apr. 8, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . 4

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

| | Page |
|---|---:|
| *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375 (9th Cir. 1988) | 11 |
| *People of the State of California v. Beltz Travel Serv., Inc.*, 379 F. Supp. 948 (N.D. Cal. 1974) | 6 |
| *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) | 12 |
| *Waste Mgmt. of Alameda County, Inc. v. County of Alameda*, 79 Cal. App. 4th 1223 (2000) | 8 |
| *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534 (3d Cir. 1994) | 6 |

**United States Constitution**

| | |
|---|---:|
| U.S. Const. art. III | 1-4, 6, 14 |

**California Constitution**

| | |
|---|---:|
| Cal. Const. art. I, § 31 | 9-10 |
| § 31(e) | 9, 13 |

**Federal Statutes**

| | |
|---|---:|
| 28 U.S.C. § 1441(b) | passim |
| § 1442(a)(1) | 1, 9-11 |
| § 1446(b) | 1-2, 12 |
| § 1447(c) | passim |
| 49 U.S.C. § 47107(e) | 10 |

**California Statute**

| | |
|---|---:|
| Code of Civ. Proc. § 526a | 8 |

**Federal Regulation**

| | |
|---|---:|
| 49 C.F.R. Part 23 | 10 |

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

**QUESTIONS PRESENTED**

(1) Whether this Court, pursuant to 28 U.S.C. § 1447(c), must remand this matter to the state court in which it began for lack of subject matter jurisdiction when:

    a. Both parties agree that Plaintiff American Civil Rights Foundation (the Foundation) lacks Article III standing;

    b. Remand to state court is not futile;

    c. The Foundation has not stated a federal cause of action;

    d. Defendants have not raised a complete preemption defense; and

    e. Defendants' asserted basis for removal under 28 U.S.C. § 1442(a)(1) is time barred and inapplicable.

(2) Whether this Court, pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1447(c), must remand this matter to the state court in which it began because Defendants failed to remove within the mandatory 30-day limit on removal.

(3) Whether this Court, pursuant to 28 U.S.C. § 1447(c), should award the Foundation its costs and attorneys' fees incurred in resisting this improper removal.

**SUMMARY OF ARGUMENT**

This Court should remand this matter to the state court in which it began under 28 U.S.C. § 1447(c). This Court cannot adjudicate a claim over the Foundation because it lacks Article III standing. *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Services*, 876 F.2d 1051, 1053-56 (1st Cir. 1989). Additionally, if standing in state court is *conceivable*, remand is, by definition, not futile, and is therefore mandated. *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

Moreover, Defendants' asserted bases for this Court's jurisdiction are not present. First, the Foundation has not stated a claim under federal law or the United States Constitution permitting removal under 28 U.S.C. § 1441(b). Second, Defendants have not raised a *complete* preemption defense. Third, Defendants are time-barred from raising 28 U.S.C. § 1442(a)(1) as the basis for removal, and regardless, the statute is inapplicable.

///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1     Separately, this Court should remand under 28 U.S.C. § 1447(c), because Defendants have
2 failed to timely remove this matter within the 30-day time-limit imposed by 28 U.S.C. § 1446(b).
3     Lastly, because Defendants never had any objectively reasonable basis for believing
4 removal was proper, this Court should award Plaintiff its costs and attorneys' fees incurred in
5 resisting this improper removal.

## STATEMENT OF FACTS

7     The facts and procedural history of this matter are largely undisputed. Both parties agree
8 that the Foundation filed its Complaint, which only stated a single cause of action under state law,
9 on July 6, 2007. The Foundation's Complaint for Declaratory and Injunctive Relief, Docket #3;
10 Defendants' Notice of Manual Filing of Superior Court Record Volumes 1-4 (Record) at Vol. 1,
11 Tab 1 (Complaint). The Foundation served Defendants on August 6, 2007. Defendants demurred
12 to the Foundation's Complaint on September 24, 2007, arguing, *inter alia*, that "[t]he Port's
13 *federally mandated ACDBE Program* is not prohibited by Proposition 209." Defendants'
14 Memorandum of Points and Authorities in Support of Demurrer, Docket #3, Record at Vol. 1,
15 Tab 15 (Demurrer), at 11:3. The Foundation then filed an opposition to Defendants' demurrer on
16 November 26, 2007. Plaintiff's Opposition to Demurrer, Docket #6, Record at Vol. 4, Tab 24
17 (Opp. to Demurrer). Four days later, on November 30, 2007, Defendants removed this matter to
18 the United States Northern District of California, under 28 U.S.C. § 1441(b), because, "Defendants
19 have asserted a defense based on the application of federal law, [which] this Court has original
20 jurisdiction to resolve." Defendants' Notice of Removal, Docket #1 (Removal), at 2:21-22.
21     A week later, on December 7, 2007, Defendants moved to dismiss the Foundation's
22 complaint, arguing, *inter alia*, that the Foundation did not meet Article III justiciability
23 requirements. Defendants' Motion to Dismiss, Docket #9 (Mtn. to Dismiss), at 9:12-15:13. The
24 Foundation then moved to remand this matter to state court, arguing, *inter alia*, that it did not meet
25 Article III justiciability requirements. Plaintiff's Motion to Remand, Docket #27 (Mtn. to Remand)
26 at 9:10-10:22. Both parties then opposed the respective motions. *See* Plaintiff's Opposition to
27 Motion to Dismiss, Docket #34 (Opp. to Dismiss); Defendants' Opposition to Motion to Remand,
28 Docket #35 (Opp. to Remand).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

# ARGUMENT

## I

## THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THIS CASE

The Foundation and Defendants agree on a substantial number of points. Initially, Defendants bear the burden of showing that removal was proper. Also, neither party disputes that 28 U.S.C. § 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Furthermore, both parties are in agreement that the Foundation's standing is based on state law principles—not Article III standing, and that a defendant cannot remove on the basis of a federal defense. The parties also agree that the Foundation's complaint is based on state law and it did not raise a federal question or federal issue. The issues in dispute are: (1) whether an Article III court can exercise subject matter jurisdiction over a claimant that does not have Article III standing; and (2) whether this Court can assert subject matter jurisdiction, on federal questions grounds, when the Foundation's complaint only raises a single state law cause of action.

### A.  Lack of Article III Standing Mandates Remand Not Dismissal

The Foundation's standing in state court is based on California standing principles; it has never asserted it meets Article III justiciability requirements. Complaint ¶ 2. In fact, both parties are in agreement on this point. Nevertheless, Defendants argue that this Court can adjudicate this case, in its entirety, by dismissing the Foundation's state law claim for want of Article III standing.

Defendants argue that federal questions and Article III standing are separate principles. Opp. to Remand at 15:3-16:17. the Foundation does not dispute that the concepts are distinct, but the Foundation reiterates that lack of standing is a jurisdictional determination. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Moreover, lack of standing is a jurisdictional defect resting on Article III case or controversy requirements. *Heckler v. Mathews*, 465 U.S. 728, 738 (1984). Defendants' arguments notwithstanding, as this Court has noted, "it is doctrinally conventional to refer to a defect in a party's standing as triggering a lack of subject

///

1 matter jurisdiction for the court." *Mirto v. Am. Int'l Group, Inc.*, No. C-04-4998-VRWG, 2005 WL 827093, at *3 (N.D. Cal. Apr. 8, 2005).

Defendants' argument is that the Foundation has failed to provide sufficient support for its proposition that lack of standing requires remand not dismissal. Opp. to Remand at 16:10-14.

In *Mirto*, the plaintiffs filed in Alameda County state court and the defendants removed. *Mirto*, 2005 WL 827093, at *1. Both parties agreed, however, that the plaintiff did not have Article III standing. Thus, the only question was whether remand or dismissal was appropriate. This Court laid forth numerous justifications why remand, not dismissal was the answer:

> First, as already noted, it is doctrinally conventional to refer to a defect in a party's standing as triggering a lack of subject matter jurisdiction for the court. Second, a leading treatise on federal procedure suggests that remand, rather than dismissal, is appropriate when the plaintiff lacks standing in federal court . . . . Third, the cases cited in that treatise uniformly hold that remand is appropriate. [The court goes on to list three additional reasons supporting remand.]

*Id.* at *3 (citations omitted). The *Mirto* Court's fifth reason deserves particular attention, because, in the case at bar, the Foundation has made the same argument to Defendants in its Opposition to Dismiss. Opp. to Dismiss at 12:19-13:4. The *Mirto* Court notes:

> Fifth, a practical reason supports remand in this case: If dismissal were the appropriate procedure in cases like this, plaintiffs would likely refile in state court, only to have their cases removed and dismissed again. Like Sisyphus, condemned to roll a heavy rock up a hill only to have it roll back down just before he reaches the top, these plaintiffs would never see a resolution on the merits.

*Id.* at *3.

State courts are free to apply state standing principles *even* in cases where the plaintiff asserts a federal cause of action. *See City of L.A. v. Lyons*, 461 U.S. 95, 113 (1983); *N.Y. State Club Ass'n, Inc. v. City of N.Y.*, 487 U.S. 1, 8 n.2 (1988). Thus, the futility of final judgment on the Foundation's failure to meet Article III justiciability requirements is clear. Such a ruling would not prevent the Foundation from litigating this exact same case under California justiciability principles.

In *Maine Ass'n of Interdependent Neighborhoods*, 876 F.2d 1051, the court was presented with this precise issue. The Maine Association of Interdependent Neighborhoods (MAIN) originally filed in state court, and the defendant state commissioner removed. *Id.* at 1052-53.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747


Indeed, both parties agreed that MAIN's action arose under federal law. *Id.* at 1053. Once in federal court, the Commissioner moved to dismiss for lack of standing; moreover, MAIN conceded it did not have standing to sue in federal court. *Id.* The district court dismissed for lack of standing and MAIN appealed arguing that remand, not dismissal, was proper. *Id.* The court agreed and remanded. *Id.* at 1056.

The court began by making clear that it did not have discretion to dismiss under 28 U.S.C. § 1447(c):

> The district court determined that MAIN did not fulfill the minimal, constitutional requirements for standing, *i.e.*, that its members suffered no "immediate or threatened injury." This is a determination that the district court lacked subject matter jurisdiction. Hence, the literal words of the statute, saying that the case "shall" (not "may") be remanded, require the court to remand the case.
>
> The district court recognized that "[l]ack of standing is a jurisdictional defect which requires the federal court to *remand*." The court, nonetheless, dismissed the case . . . .
>
> We think, however, that the district court erred in departing from the literal words of § 1447(c), which, on their face, give it no discretion to dismiss rather than remand an action.

*Id.* at 1053-54 (citations omitted). Next, the Court set out the reasons why lack of standing mandates remand, even where the parties agreed that the issue was a federal question:

> First, MAIN points out that it may have standing to sue in the Maine state courts, even though it does not meet federal standing requirements, because Maine's standing rules are somewhat more liberal . . . .
>
> Second, if the case were remanded to state court, the Maine Commissioner would not be able to remove it again. He could not do so under 28 U.S.C. § 1441(b), for it is now clear that the federal courts lack "original jurisdiction" over the action, because of MAIN's lack of standing . . . .
>
> All this is to say that in the context of this case, Maine procedural law is a matter for the Maine state courts to decide.

*Id.* at 1054-55 (citations omitted). Finally, the court made clear that this did not leave the defendants without any remedy.

> We are aware of no federal law preventing the Maine court from deciding the federal questions presented by this case . . . . And, the Commissioner has means to resolve the conflicts that such a decision might bring about . . . . [T]he Commissioner may appeal the state court's decision on questions of federal law to the Supreme Court.

*Id.* at 1056 (citations omitted).

Indeed, every circuit court that has addressed the issue has found that remand, not dismissal, was proper. In *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534 (3d Cir. 1994), the Third Circuit reexamined the plaintiff's standing *sua sponte*, since it was not contested. *Id.* at 537. The court found that the plaintiff did not have Article III standing. *Id.* at 538. Thus, the court concluded that "federal law 'only requires . . . [us] to remand [plaintiff's case] to state court.'" *Id.* at 540 (quoting *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 751 (3d Cir. 1993)). The Sixth Circuit reached an identical conclusion in *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999). There, plaintiffs filed an action in state courts basing their standing on state standing principles. *Id.* at 491. The defendants removed. *Id.* at 492. Because plaintiffs' standing was based only on state standing grounds, the court held that the injury was not concrete and particularized so as to confer Article III standing. *Id.* at 494-95. Because plaintiffs lacked Article III standing, the "[c]ourt lack[ed] subject matter jurisdiction and this action [had to] be remanded to the state court from which it was removed." *Id.* at 496.

In its previous filings with this Court, the Foundation noted this Court's previous holding in *People of the State of California v. Beltz Travel Serv., Inc.*, 379 F. Supp. 948 (N.D. Cal. 1974). In *Beltz Travel*, this Court held, "[s]ince Plaintiffs *lack standing* to maintain an action in federal court *based on the federal issues raised* in the complaint, the case was improperly removed from state court." *Id.* at 950-51 (emphasis added); *see also* Opp. to Dismiss at 11:5-18; Mtn. to Remand at 10:4-11.

Additionally, *Boyle v. MTV Networks, Inc.*, 766 F. Supp. 809 (N.D. Cal. 1991), provides this Court with a case nearly factually and procedurally identical to the instant action. There, plaintiff filed in state court, on state standing principles, and defendants removed arguing that Boyle had "artfully pled" federal causes of action, and the claims were completely preempted by federal law. *Id.* at 812, 814-16. Like Defendants here, the *Boyle* defendants were so obviously aware that plaintiff's lack of federal standing was fatal to this Court's jurisdiction, that *defendants* argued in favor of plaintiff's standing. *Id.* at 817. This Court rejected defendants' arguments reiterating that, "[s]tanding is an integral component of subject matter jurisdiction . . . . If Plaintiff

///

Pltf's Reply in Supp of Its Mtn to Remand &
Req for Attys' Fees - No. CV 07-06058 CRB          - 6 -

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  lacks standing, this Court has no subject matter jurisdiction and must remand the case to state
2  court." *Id.* at 816 (citations omitted).

3  While the Ninth Circuit has not squarely addressed the issue, it has on several occasions
4  hinted that remand is appropriate where the plaintiff lacks standing as to all defendants. *See*, *e.g.*,
5  *Bell*, 922 F.2d 1418; *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001); *see also Mirto*, 2005
6  WL 827093, at *3 (discussing the Ninth Circuit's dicta on this issue). In *Lee*, two defendants
7  removed plaintiff's state law claim to federal court under diversity principles. *Lee*, 260 F.3d at 999.
8  Also, plaintiff did not have standing as to *one* defendant because plaintiff had not suffered a
9  particularized injury as to that defendant. *Id.* at 999-1000. However, because the court still
10 retained subject matter jurisdiction as to the other defendant, remand, as to that defendant, was
11 inappropriate. *Id.* at 1005-06. In fact, the court recognized that:

> [the plaintiff's] standing-deficient claims will have to be disposed of in some manner on remand to the district court. Whether the district court dismisses the ANTEX claims, or Lee dismisses them voluntarily, *there should be no obstacle to Lee's refiling them in state court*, where he apparently has a viable cause of action which is not time-barred.

15 *Id.* at 1006 (emphasis added).

16 Here, both parties agree that the Foundation has no standing with respect to either
17 Defendant. The commands of 28 U.S.C. § 1447(c) do not leave this Court with discretion when
18 a plaintiff lacks standing. This Court's previous rulings on the issue are in line with every circuit
19 that has addressed it—the Court must remand. Dismissing the Foundation's claims for lack of
20 standing places the Foundation in the position of Sisyphus, hopelessly rolling the rock uphill.
21 Accordingly, remand, not dismissal is appropriate.

22 **B.  Remand to State Court Is Not Futile**

23 Defendants' futility argument first cites *Bell*, and then summarily argues why the
24 Foundation lacks taxpayer and citizen standing under California standing principles.[1] Opp. to
25 Remand at 16:18-22:23. In *Bell*, the Ninth Circuit recognized a futility exception to 28 U.S.C.

---

[1] Initially, it should be noted, Defendants' argument that remand would be futile is made for the first time in its Opposition to Plaintiff's Motion for Remand, after exceeding the page-limit imposed by this Court on opposition briefs. J. Breyer Standing Order #5.

1  § 1447(c). *Bell*, 922 F.2d at 1425. Bell brought a lawsuit under an Idaho statute that required the
2  plaintiff to post a bond in order to have standing. *Id.* Because Bell failed to post the bond, remand
3  was futile. *Id.* The Ninth Circuit recognized that if a successful assertion of state standing was
4  *conceivable*, remand, not dismissal, would have been appropriate. *Id.*

5        Here, the Foundation asserts two independent bases for standing in state court: (1) taxpayer
6  standing under Code of Civil Procedure section 526a; and (2) citizen standing, as recognized in
7  *Connerly v. State Pers. Bd.*, 92 Cal. App. 4th 16, 29 (2001).

8        Defendants' argument against the Foundation's state taxpayer standing relies almost
9  exclusively on *Cornelius v. L.A. County Metro. Transp. Auth.*, 49 Cal. App. 4th 1761 (1996). Opp.
10 to Remand at 17:16-19:21. Not only was the reasoning of *Cornelius* specifically questioned in
11 *Connerly*, 92 Cal. App. 4th at 29, but *Cornelius* has nothing to do with this case. In *Cornelius*, the
12 plaintiff could not establish taxpayer standing because he was neither a resident nor a taxpayer of
13 Los Angeles County. *Cornelius*, 49 Cal. App. 4th at 1774-75. Here, the Foundation alleges
14 properly that at least one member of its organization is a citizen and has paid "property taxes and
15 assessments on property located within the City within the last year." Complaint ¶ 2.

16       Defendants' argument that the Foundation lacks citizen standing is also without merit.
17 Defendants erroneously argue that the Foundation must be a "natural born citizen." *Waste Mgmt.*
18 *of Alameda County, Inc. v. County of Alameda*, 79 Cal. App. 4th 1223, 1237 (2000) ("A
19 corporation may . . . be accorded attributes of a citizen."). Moreover, Defendants' argument that
20 the Foundation needs to show a "beneficial interest," is exactly opposite to California law, which
21 holds, "a citizen's action is a long-established *exception* to the requirement of a personal beneficial
22 interest." *Id.* at 1236 (emphasis added).

23       The intricacies and complexities of Defendants' argument that the Foundation, a non-profit
24 California corporation, fails to meet either of California's liberal standing requirements, belie its
25 contention that remand would be futile. Opp. to Remand at 16:18-22:23. State standing in this
26 case is, at a minimum, *conceivable*, and as the Foundation's complaint clearly meets California
27 standing requirements, nothing more needs to be shown. (*See also* Opp. to Demurrer at 15:7-22:13
28 ///

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111  FAX (916) 419-7747

1 where Foundation responded to these same arguments in state court.) It is not for this Court to
2 decide whether the Foundation has standing under state law principles.

3     Accordingly, this Court should remand this action to the state court in which it began.

4 **C. Plaintiff Has Not Alleged a Cause of Action Under Federal Law**

5     In their Notice of Removal, Defendants assert that this Court, under 28 U.S.C. § 1441(b),
6 has original jurisdiction to resolve the federal question presented, because "Defendants have
7 asserted a defense based on the application of federal law." Removal at 2:21-22. Now, Defendants
8 admit, "Defendants [demurrer] did not trigger removal, in that such statements, at best, posed an
9 affirmative defense, which all parties recognize does not afford grounds for removal under
10 Section 1441(b)." Opp. to Remand at 9:1-4.

11     Both parties agree that the Foundation's complaint only alleges a cause of action under
12 California law. Both parties agree that Defendants' demurrer to the complaint posited affirmative
13 defenses to the Foundation's complaint, which implicated federal law. The Foundation, however,
14 did not raise a federal issue upon which this Court can base its jurisdiction.

15     Article I, section 31(e), is an affirmative defense and must be pled as one. *C & C Constr.,*
16 *Inc. v. Sacramento Mun. Util. Dist.*, 122 Cal. App. 4th 284, 298 (2004). Thereafter, California
17 courts decide whether defendants have met affirmative defense requirements. That California
18 Courts apply standards first enunciated in federal cases to determine whether a defendant has met
19 an affirmative defense, does not transform a California state affirmative defense into a federal
20 cause of action. However, this, in essence, is Defendants' argument. Opp. to Remand at 10:19-
21 11:2. The Foundation has responded to this argument at length in two previous briefs with this
22 Court, and refers this Court to those briefs. *See* Opp. to Dismiss at 6:1-7:16; Remand at 7:13-9:9.

23     Nonetheless, Defendants now argue: (1) The "complete preemption" doctrine; and
24 (2) 28 U.S.C. § 1442(a)(1). Neither argument has merit.

25     **1. Plaintiff's Claim Under Article I, Section 31, of the California
   Constitution Is Not Completely Preempted By Federal Law**
26

27     As Defendants note, the test for complete preemption "is whether Congress clearly
28 manifested an intent to convert state law claims into federal-question claims." *Ansley v.*

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  *Ameriquest Mortgage Co.*, 340 F.3d 858, 862 (9th Cir. 2003).  Defendants omit the preceding
2  sentence, which states, "[c]omplete preemption, however, arises only in 'extraordinary' situations."
3  *Id.*  Indeed, "[t]he Supreme Court has construed only three federal statutes to so preempt their
4  respective fields as to authorize removal of actions seeking relief exclusively under state law."[2]
5  *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005).

6        49 U.S.C. § 47107(e) and Part 23 do not completely preempt claims under Article I,
7  section 31, of the California Constitution.  The test is whether Congress intended to convert state
8  law claims into federal-question claims; there is no question complete preemption does not apply.
9  As Defendants' acknowledged, "[t]he rule of law is clear:  no private right of action exists under
10 the Airport and Airway Improvement Act (AAIA), 49 USCA Section 47107 et seq."  Opp. to
11 Remand at 21:22-23.  Congress could not have intended to convert state claims into federal-
12 question claims without providing *any* federal-question claims.

13       Because Defendants cannot argue that no Article I, section 31, claims may ever be brought
14 in state court, they argue that in regard to the Port of Oakland's ACDBE Program, the Foundation's
15 Article I, section 31, claim is preempted.  *See* Opp. to Remand at 13:1-15:2.  This, however, is a
16 conflict preemption defense, not *complete* preemption.  Only the latter is a basis for removal.
17 Whether the statute and regulations constitute a federal defense is a matter for the state courts.
18 *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 2 (2003).

19       Thus, jurisdiction in this Court cannot be based on complete preemption.

20 **2.  Defendants' Argument Under 28 U.S.C. § 1442(a)(1)
    Is Time-Barred and an Inapplicable Basis for Removal**

22       Defendants' final argument is that the Port and City of Oakland are agents of the federal
23 government vis-á-vis the Port's implementation of the ACDBE Program.  Opp. to Remand at 11:3-
24 12:26.  Defendants then argue they are entitled to remove under 28 U.S.C. § 1442(a)(1).  *Id.*

25       As an initial matter, Defendants' argument is time barred.  "In [the Ninth] Circuit, it is
26 well-settled that substantive amendments to a notice of removal may not be made after the

---

[2] For a discussion of the cases where the Supreme Court has found complete preemption see Opp. to Dismiss at 8:3-8:20.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA  95834
(916) 419-7111 FAX (916) 419-7747

Pltf's Reply in Supp of Its Mtn to Remand &
Req for Attys' Fees - No. CV 07-06058 CRB       - 10 -

thirty-day period specified in 28 U.S.C. § 1446(b)." *Britton v. Rolls Royce Engine Services*, No. C05-01057 SI, 2005 WL 1562855, at *3 (N.D. Cal. June 30, 2005) (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)). As explained below in Part II, Defendants filed their untimely Notice of Removal in this case under 28 U.S.C. § 1441(b) on November 30, 2007. The first mention of 28 U.S.C. § 1442(a)(1) was in Defendants' opposition to remand filed January 4, 2008, more than 30-days after their initial untimely-removal.

Substantively, Defendants' argument is also without merit. Defendants' cases give no support to the proposition that the City and Port of Oakland may remove under 28 U.S.C. § 1442(a)(1). In *Clio*, the U.S. Secretary of Health and Human Services personally removed the case, moved to intervene, and was the real party in interest. *Clio Convalescent Ctr. v. Michigan Dep't of Consumer & Indus. Services*, 66 F. Supp. 2d 875, 876-77 (E.D. Mich. 1999). Conversely, in this case neither the FAA nor DOT—the only relevant Federal agencies here—has made any attempt to intervene in this claim arising only under state law.

Defendants' reliance on *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424 (11th Cir. 1996), is also misplaced. This Court's holding in *Britton* stated:

> *Magnin* is factually distinguishable from this case, because plaintiffs' complaint here does not name any individual defendants, does not specifically identify DAI as a DMIR and does not expressly allege that defendant's issuance of an airworthiness certificate was a proximate cause of the accident; in fact, it makes no mention of any such certificate.

*Britton*, 2005 WL 1562855, at *4. Similarly, the Foundation's claim here does not name any individual defendants, does not specifically identify the FAA or DOT, and does not expressly allege that Defendants are violating the Equal Protection Clause, United States law, or FAA regulations.

Accordingly, as Defendants' 28 U.S.C. § 1442(a)(1) basis for removal is time barred and inapplicable, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1447(c).

## II

## DEFENDANTS' REMOVAL IS UNTIMELY

Even if a basis for this Court's exercise of jurisdiction existed (which it clearly does not), Defendants failed to timely remove this case.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  Both parties agree that the legal doctrines governing the timeliness of removal are under
2  28 U.S.C. § 1446(b).[3]  Because Defendants did not remove within 30-days of receipt of the
3  Complaint, they rely exclusively on the second paragraph of 28 U.S.C. § 1446(b), which states:
4  "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within
5  thirty days after receipt by the defendant . . . of a[n] . . . other paper from which it may first be
6  ascertained that the case is one which is or has become removable."  Defendants argue that they
7  only ascertained that the case was removable after the Foundation filed its opposition to
8  Defendants' Demurrer.  Opp. to Remand at 9:5-15.

9  It is without question that artfully pleading a complaint to avoid stating a federal cause of
10 action will not defeat removal.  *See Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998).  However,
11 Defendants do not argue that the Foundation artfully pled a federal *cause of action*, rather
12 Defendants assert that the Foundation's Opposition to Demurrer artfully pled "that the ACDBE
13 Program involved equal protection *issues* and implicated the constitutionality of a federal
14 regulatory scheme."  Opp. to Remand at 8:17-19 (emphasis added).

15 However, to whatever extent these issues may be present, the facts are clear that Defendants
16 ascertained them by the time they filed their Demurrer.  Throughout Defendants' Demurrer, they
17 rely on federal statutes and federal regulations. Demurrer at 1, 6-14, 20-23. Defendants' statement
18 of facts in support of their Demurrer claim that "[t]he ACDBE Regulations require airport grant
19 recipients . . . to draft and adopt ACDBE programs and submit them to the FAA for approval."
20 Demurrer at 7:8-9.  Defendants also claim "[t]he Port [has a] Federally Mandated ACDBE
21 Program," then state that "Plaintiff has apparently overlooked . . . that each of those [challenged]
22 provisions are either specifically required or authorized by federal regulation." *Id.* at 8:23, 9:13-15.

23 Indeed, the first *argument* Defendants make in their Demurrer is that "[t]he Port's *federally*
24 *mandated ACDBE Program* is not prohibited by Proposition 209." *Id.* at 11:3 (emphasis added).
25 ///

---

[3] In their citations to the procedure for removal, Defendants rely erroneously on 28 U.S.C. § 1441(b). Opp. to Remand at 4:7-16, 5:24-28, 6:10-17, 9:13-15.  The Foundation believes Defendants intended to reference 28 U.S.C. § 1446(b), which governs the timeliness of removal.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

For the Court's convenience, the Foundation now includes Defendants' asserted basis for removal, verbatim:

> Defendants allege that Proposition 209's prohibitions are in conflict with the *federally-mandated requirements of the ACDBE Program.* Thus, where, as here, Plaintiff has brought a state constitutional challenge to a federal program governed by 49 CFR Part 23, and Defendants have asserted a defense based on the application of federal law, this Court has original jurisdiction to resolve the federal question presented.

Removal at 2:18-22 (emphasis added). Defendants' primary argument demurring to the complaint is *identical* to their statutory basis for removal. Clearly, Defendants had ascertained the issues for which they removed (November 30, 2007) by the time they demurred (September 24, 2007)—well past the 30-day limit on removal.

To avoid this obvious problem in the timeliness of their removal, Defendants searched through the Foundation's opposition to demurrer for anything new upon which to now base their timeliness argument. Defendants find the Foundation's citations to three federal cases in its opposition, and devote the bulk of their timeliness argument explaining to this Court the holdings of *Western States*, *Croson*, and *Adarand*. Opp. to Remand at 7:17-8:19. Defendants, however, fail to find any case holding that citations to federal cases can be the basis of removal.

While not necessary to show that Defendants' removal was untimely, Defendants' decision, in their Opposition to Remand, to quote an entire page of the Foundation's opposition to demurrer, merits a response. The page Defendants quote can be found under the section showing why Article I, section 31(e), does not apply to Defendants' ACDBE Program. Since Defendants had raised section 31(e) as a defense (which Defendants now concede was an affirmative defense), the Foundation was explaining why it is inapplicable. Opp. to Remand at 9:2-4; Opp. to Demurrer at 9. This is abundantly clear by reading Defendants' quotation of the Foundation's Opposition to Demurrer.

On the one hand, Defendants assert that this Court has jurisdiction because there exist federal issues which this Court has the subject matter jurisdiction to hear. But because these issues were at the forefront of Defendants' Demurrer, they argue their removal was timely because the Foundation was "the party to introduce the holding of *Western States*" and two other Supreme

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

1  Court cases. Opp. to Remand at 7:17-18. Moreover, if, as Defendants argue, their raising the
2  federal issues was merely an affirmative defense, the Foundation's responding to their affirmative
3  defense by citing a federal case cannot raise a new federal issue. Regardless, timeliness is governed
4  by when the federal issues were ascertainable, not when new federal cases are cited.

5  Because Defendants' Demurrer, filed September 24, 2007, demonstrates that Defendants
6  had ascertained the federal issues upon which they base their removal, filed November 30, 2007,
7  their removal is untimely. Accordingly, the Court should remand this case to the state court in
8  which it began.

**III**

**PLAINTIFF IS ENTITLED TO ITS COSTS
AND ATTORNEYS' FEES INCURRED IN
CHALLENGING THIS IMPROPER REMOVAL**

12  Both parties are in agreement that the awarding of costs and attorney's fees is governed by
13  28 U.S.C. § 1447(c) and *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Defendants are
14  mistaken, however, to argue that they had an objectively reasonable basis to remove this case to
15  federal court.

16  Defendants removed this case on November 30, and immediately filed their motion to
17  dismiss a week later, on December 7, 2007. In that motion, Defendants argued, *inter alia*, that this
18  Court should dismiss for the Foundation's lack of standing. Defendants improperly believed that
19  by removing a plaintiff without Article III standing, they could achieve a quick dismissal of the
20  case. However, as this brief and the Foundation's previous filings make clear, Defendants had no
21  objectively reasonable basis for believing so.

22  Additionally, Defendants removed this matter well after their time to do so elapsed, and
23  without the Foundation having stated a federal cause of action as required under 28 U.S.C.
24  § 1441(b).

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Pltf's Reply in Supp of Its Mtn to Remand &
Req for Attys' Fees - No. CV 07-06058 CRB        - 14 -

1  Accordingly, the Foundation is entitled to its costs and attorneys' fees incurred in this
2  improper removal.[4]

## CONCLUSION

This removal is untimely and this Court is without jurisdiction to hear this matter. 28 U.S.C. § 1447(c) provides that in such situations, the Court must remand the action to state court. In addition to remanding this action, this Court should also order Defendants to pay the Foundation's costs and attorneys' fees incurred in opposing this removal.

DATED: January 11, 2008.

                                    Respectfully submitted,

                                    SHARON L. BROWNE
                                    RALPH W. KASARDA
                                    JOSHUA P. THOMPSON

                                    By     /s/ Joshua P. Thompson
                                              JOSHUA P. THOMPSON

                                  Attorneys for Plaintiff
                                  American Civil Rights Foundation

---

[4] In footnote 9 of their opposition to remand, Defendants argue that the Foundation may only recover fees for attorneys who, while working on the case, are admitted to this Court. This proposition is unsupported. Moreover, Mr. Thompson's declaration was entirely accurate. Mr. Thompson was a licensed attorney as of November 21, 2007. Defendants did not remove this case until November 30, 2007. Thus, all work Mr. Thompson conducted working on the motion to remand was done as a licensed attorney.

PACIFIC LEGAL FOUNDATION
3900 Lennane Drive, Suite 200
Sacramento, CA 95834
(916) 419-7111 FAX (916) 419-7747

Pltf's Reply in Supp of Its Mtn to Remand &
Req for Attys' Fees - No. CV 07-06058 CRB     - 15 -