Mara E. Rosales (SBN: 104844)
mrosales@meyersnave.com
Joseph M. Quinn (SBN: 171898)
jquinn@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
575 Market Street, Suite 2600
San Francisco, CA 94105
Telephone: (415) 421-3711
Facsimile: (415) 421-3767

Attorneys for Defendants
CITY OF OAKLAND and
PORT OF OAKLAND

David L. Alexander, Port Attorney (SBN: 59069)
dalexand@portoakland.com
Danny Wei Wan, Deputy Port Attorney (SBN: 168323)
dwan@portoakland.com
PORT OF OAKLAND
530 Water Street
Oakland, CA 94607
Telephone: (510) 627-1136
Facsimile: (510) 444-2096

Attorneys for Defendant
PORT OF OAKLAND

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION, a non-profit, public benefit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAKLAND, CALIFORNIA, a political subdivision of the State of California, and the PORT OF OAKLAND, a public entity, <br><br> Defendants. | CASE NO. CV 07-6058 (CRB) <br><br> **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** <br><br> Date:  January 25, 2008 <br> Time:  10:00 a.m. <br> Courtroom: 8, 19th Floor <br> Judge:  Honorable Charles R. Breyer <br><br> Complaint Filed: July 6, 2007 |

## I.  INTRODUCTION

The Motion to Dismiss of Defendants Port of Oakland ("Port") and City of Oakland ("City") (collectively, "Defendants") must be granted because Plaintiff lacks standing to pursue the federal issues it has raised. Those issues afford the Court subject matter jurisdiction to dismiss the action altogether. Plaintiff's Opposition to the Motion to Dismiss also essentially concedes Defendants' "ripeness" and statute of limitations arguments and fails to rebut Defendants' contention that City is not a properly-named party to this action.

Although Plaintiff's Complaint is framed as a state law claim, Plaintiff established the completely federal essence of its claim in its Opposition to Defendants' Demurrer. In that Opposition, Plaintiff, for the first time, challenged a federal statutory scheme and raised federal equal protection challenges. Once exposed, these federal issues provided the court with indisputable subject matter jurisdiction, especially because there is complete preemption.

In that the Court has subject matter jurisdiction, as a matter of law, this case should be dismissed because Plaintiff concedes it lacks Article III standing to pursue a federal claim. Contrary to Plaintiff's assertion, lack of standing does not, in turn, deprive the Court of subject matter jurisdiction. As discussed below, standing and subject matter jurisdiction are distinct jurisdictional doctrines.

The Court should also grant Defendants' Motion to Dismiss in light of Plaintiff's failure to refute Defendants' arguments that its claim is neither ripe nor timely or that City is an improper party to its lawsuit.

## II.  ARGUMENT

In its Opposition to the Motion to Dismiss, Plaintiff makes two arguments: (1) the Court lacks subject matter jurisdiction and (2) Defendants' claims of ripeness, mootness and the statute of limitations need not be addressed at the federal level. Plaintiff maintains that subject matter jurisdiction is wanting because "federal issues or federal defenses do not grant federal courts subject matter jurisdiction." [See Opposition to Motion to Dismiss (alternatively, "Oppos. to Dismiss "), at 1:15-22.] Plaintiff is simply wrong. The court has subject matter jurisdiction because Plaintiff put in play federal issues and Plaintiff's lack of federal standing does not deprive this Court of subject

1

matter jurisdiction.  As such, the Court should rule on Defendants' motion and dismiss this lawsuit.

**A.    The Court Has Subject Matter Jurisdiction over the Litigation Because Plaintiff Raises Federal Issues**

Contrary to Plaintiff's assertion, Defendants have not transformed a state cause of action into a federal claim. (See Oppos. to Dismiss, at 6:14-15.)  Although the parties agree that Plaintiff drafted its complaint so that it posed only a state cause of action, Plaintiff's Opposition to Defendants' Demurrer explicated the true nature of its claim as a challenge to a federal regulatory scheme that raised independent federal Equal Protection issues.[1]  Plaintiff described its claim as follows: "Defendant's ACDBE Program is not in compliance with DOT [United States Department of Transportation] Regulations."  Plaintiff goes on to say that the ACDBE Program is not narrowly tailored as required by federal law. (Oppos. to Demurrer, at 6, 9, and 12.)  In support of its position, Plaintiff relies on the federal Constitution and related authorities, such as City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989) and Western States Paving Co.. Inc. v. Washington State Dep't of Transp., 407 F.3d 983 (9th Cir. 2005).

While Plaintiff tries to argue that it was only responding to federal defenses raised by Defendants in this regard, it was Plaintiff, not Defendants, who introduced legal issues, cases and arguments which go to application of equal protection issues, and federal constitutional challenges to the implementation of a federal regulatory scheme. (Oppos. to Demurrer, at 12:26.)  That Plaintiff's Complaint studiously avoids any mention of federal issues does not undo federal jurisdiction.  Indeed, artful pleading will not undercut federal question jurisdiction. Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, ("Franchise Tax Board) 463 U.S. 1, 22 (1983).  Defendants' Demurrer essentially flushed out Plaintiff's federal statutory and equal protection theories for relief.

Although Defendants did not initially rely on federal defenses as a basis for removal, pursuant to 28 USC 1442(a)(1), such defenses will support removal when a federal actor is involved.  Defendants have posed 28 USC 1442(a)(1) as an alternative grounds for removal in their Opposition to Plaintiff's

///

---

[1] This issue is more fully explored in Defendants' Opposition to Motion to Remand at 9:16-15:2, which arguments Defendants incorporate by this reference, as if stated fully herein.

1 Motion to Remand. (See Oppos. to Motion to Remand, at 11:3-12:26.)[2] More specifically, federal law dictates that when the United States or any agency thereof or any officer or any "person" "acting under" that officer or agency is sued in an official or individual capacity for any act under color of such office, in state court, the state court action may be removed to federal court. See 28 USC § 1442(a)(l).

Here, pursuant to 49 USC § 47107(e), 49 CFR Part 23 and its federal funding contract with the United States Department of Transportation ("DOT") and the Federal Aviation Administration ("FAA"), the Port is implementing federal regulations pursuant to its federal statutory, regulatory and contractual obligations as determined by the FAA. Hence, the Port's conduct is under color of the authority of the FAA. Any challenge to the exercise of that federal authority raises a substantial federal question warranting removal to federal court for adjudication by federal judges. See, e.g., <u>Clio Convalescent Center v. Michigan Dept. of Consumer and Industry Services</u>, 66 F. Supp. 2d 875, 877 (E.D. Mich. 1999) (state governmental agency implementing federal policy pursuant to federal regulation and a federal-state contract makes state entity an agent of the federal office and the state constitutional challenge against the state agency is removable to federal court).

The court also has subject matter jurisdiction under the complete preemption doctrine. Although implemented at the local level, the Port's ACDBE Program derives from Congressional intent that federal affirmative action goals be realized as set forth in 49 USC § 47107(e)(l) and 49 CFR Part 23. As interpreted by Plaintiff, Proposition 209 directly conflicts with Section 23.25(e) of Part 23 because the federal regulation <u>requires</u> airports to use race-conscious measures where race-neutral measures alone are

///

---

[2] As argued in its Opposition to Remand, although Defendants initially relied on 28 USC §1441(b) to remove, a response brief that raises alternative grounds for removal is always timely when it involves the subject matter jurisdiction of the court. See <u>Gateway Five, LLC v. In re Price</u>, Slip Copy, 2007 WL 4260810 (E.D. Tenn. 2007). In that subject matter jurisdiction implicates the court's power to hear a case, it is never forfeited or waived. <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). Moreover, as applied here, removal under Section 1442(a)(1) only sets out more specifically the federal question jurisdiction already addressed in Defendants' Notice of Removal under Section 144l(b) and clarifies the basis for federal question jurisdiction in this case. Alternatively, Section 1442(a)(l) merely shifts legal theories and clarifies a defective allegation. See 28 USC, § 1653; <u>National Audubon Soc. v. Dept. Water & Power</u>, 496 F. Supp. 499 (D.C. Cal. 1980); Wright & Miller, <u>Federal Practice and Procedure</u>, § 3733.

3

Defendants' Reply To Plaintiff's Opposition To Motion To Dismiss          [CV 07-6058 (CRB)]

not projected to be sufficient to meet ACDBE goals; Proposition 209 prohibits such measures.[3] The consistent and uniform safeguarding of ACDBE participation at federally assisted airports falls squarely within the federal government's supreme sphere of action and preempts conflicting state law. See <u>Ansley v. Ameriquest Mortg. Co.</u>, 340 F.3d 858, 862 (2003). Moreover, Congress, through the USDOT, has provided a federal avenue for Plaintiff's claim outside of state court. That is through the filing of a complaint with the FAA.[4]

### B. **Plaintiff's Lack of Article III Standing Means that its Claim Should be Dismissed**

Plaintiff concedes it lacks Article III standing to pursue a federal claim, but misdirects the court to remand this action to state court. The fundamental flaw in Plaintiff's argument is the misassumption that Article III standing and subject matter jurisdiction are one and the same and that where a plaintiff lacks standing the court lacks subject matter jurisdiction. As demonstrated above, this Court has subject matter jurisdiction over Plaintiff's claim. If Plaintiff is not the proper party to challenge the federal questions it raises, then other jurisdictional or prudential concerns may weigh against adjudication of the challenge in this case; but that is not the same as the court lacking subject matter jurisdiction.

That Article III standing stands apart from federal-question subject matter jurisdiction is underscored by the very different considerations underlying the two jurisdictional doctrines. See <u>Lee v. American Nat'l Ins. Co.</u>, 260 F.3d 997, 1005 (9th Cir. 2001) (applying similar analysis in interpreting section 1447(c). "The primary policy for investing the federal district courts with

---

[3] Part 23, Section 23.25 (e) tells airport sponsors: "Your ACDBE program must also provide for the use of race-conscious measures when race-neutral measures, standing alone, are not projected to be sufficient to meet an overall goal." See also Part 23, Preamble, Section 23.1 "*What are the Objectives of This Part?. . .* Race-conscious methods continue to be a necessary part of a narrowly tailored strategy to ensure nondiscrimination in concessions." See Exh. 10 of Request for Judicial Notice ("RJN") filed concurrently herewith in support of Defendants' Motion to Dismiss.

[4] 49 CFR Parts 23 and 26 provide detailed administrative remedies. The proper avenue available to Plaintiff is under Section 23.11 of Part 23. That section explains that the compliance and enforcement provisions of 49 CFR Part 26, Sections 26.101, 26.105 and 26.107 apply to Part 23 in the same way that they apply to FAA grant recipients and programs under Part 26. According to language set forth under Part 26.105(c), "[a]ny person who knows of a violation of this part by a recipient of FAA funds may file a complaint under 14 CFR Part 16 with the [FAA] Office of Chief Counsel."

jurisdiction in respect to actions arising under the constitution, laws or treaties of the United States, was to insure the availability of a forum designed to minimize the danger of hostility towards, and specially suited to the vindication of, federally created rights." Paduano v. Yamashita Kisen Kabushiki Kaisha, 221 F.2d 615, 618 (2d Cir. 1955); see also Hunter v. United Van Lines, 746 F.2d 635 (9th Cir. 1984) (principal purpose of federal question jurisdiction is to afford a sympathetic and knowledgeable forum for the vindication of federal rights). "The standing doctrine, on the other hand, derives from the interests in ensuring that parties have the proper incentives to litigate cases as vigorously as they can and in avoiding adjudication of generalized grievances that are better resolved through the legislative process." Lee, 260 F.3d at 1005, citing Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-76 (1982). Plaintiff's standing problem simply does not implicate the question of whether its challenge is fundamentally a federal claim that, upon election of a party, is best adjudicated, if at all, in a federal forum.

In support of its contrary position, Plaintiff relies on cases which require remand of *state-law* claims. Plaintiffs have identified no authority--and Defendants know of none--that support remand of a *federal* claim for adjudication by a state court just because plaintiff's counsel was savvy enough to bring the case in the name of a party that lacked constitutional and prudential standing. Any such holding in this case would confound fundamental principles of federal jurisdiction, i.e., that every diligent party against whom a federal claim is alleged is entitled to a federal forum for adjudication of that claim. Where, as here, the party bringing a federal claim lacks standing, the claim should be dismissed, not remanded.

**C.     Plaintiff Does Not Refute Defendants' Ripeness Claim**

Plaintiff's Opposition to the Motion to Dismiss fails to address whether its claims are ripe for adjudication. As such, Plaintiff concedes that the controversy it raises is little more than idle speculation because Defendants' actions have in no way impacted Plaintiff or any one else. Indeed, there is absolutely no evidence that Defendants ever employed race conscious measures in determining the concession contracts that are at issue in this case. Accordingly, the court should dismiss this lawsuit because it is not ripe for adjudication.

///

### D. **Plaintiff Does Not Refute Defendants' Statute of Limitations Claim**

Plaintiff's Opposition to the Motion to Dismiss is also totally silent on the issue of the statute of limitations argument forwarded by Defendants, other than to ask the court to defer consideration of this issue to state court. (Oppos. to Dismiss, at 12:1-2.) Such remand is futile if the statute of limitations has run. In that the Court has no argument before it to refute the staleness of Plaintiff's claim, it must be assumed that, in fact, the Plaintiff untimely filed its state court action.

### E. **Plaintiff Does Not Refute Plaintiff's Argument that City is Not a Proper Party**

In its Opposition to the Motion to Dismiss, Plaintiff's discussion of City's alleged role in the challenged ACDBE Program is limited to its "Introduction and Statement of Facts." (See Oppos. to Dismiss, at 2:23-3:3-6.) Specifically, Plaintiff states as follows:

> Defendant City of Oakland is a political subdivision of the State of California, created and existing under a chapter promulgated under the Constitution of the State of California. . .. Defendant Port of Oakland (Port) is an agency of the City of Oakland and operates the Oakland International Airport. The Port has been delegated the authority to contract for concessions at the . . . [Airport] pursuant to Oakland's Municipal Code. . . .[¶] Both the City . . . and the Port have a duty to enforce the California Constitution by not engaging in discrimination or granting preferential treatment on the basis of race, sex, color, ethnicity, or national origin in the operation of public contracting, pursuant to Article I, section 31, of the California Constitution.

Plaintiff does not otherwise examine or argue the legal import of the City's purported duties or provide any evidence that the Port breached any alleged duty to Plaintiff. In that Plaintiff entirely fails to refute Defendants' argument that City is an improperly-named party, Plaintiff has conceded this point.

///
///
///
///
///
///

### III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Dismiss Plaintiff's Complaint on the ground that it fails to state a cause of action for which relief can be granted.

DATED: January 11, 2008					Respectfully submitted,

									MEYERS, NAVE, RIBACK, SILVER & WILSON


									By:	/S/ Mara E. Rosales
										Mara E. Rosales
										Attorneys for Defendants
										CITY OF OAKLAND and
										PORT OF OAKLAND