IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL RIGHTS FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF OAKLAND, PORT OF OAKLAND,<br><br>    Defendants.<br>_____ / | No. C 07-06058 CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

This case concerns a challenge brought under article I, § 31 of the California Constitution to Defendants' race- and sex-based Port of Oakland Airport Concession Disadvantaged Business Enterprise Program (ACDBE Program). Plaintiff originally filed this action in state court, but Defendants removed on the basis of federal question jurisdiction. Even assuming that Plaintiff's complaint is removable, the Court nevertheless finds that Defendants' notice of removal was untimely. See 28 U.S.C. § 1446(b). Accordingly, the plaintiff's motion to remand is GRANTED. The accompanying motion for attorney's fees is DENIED. Because the Court lacks jurisdiction, it declines to reach the issues presented by the defendants' motion to dismiss. The hearing scheduled for January 25, 2008 is VACATED.

**BACKGROUND**

On July 6, 2007, the American Civil Rights Foundation filed a complaint against the City of Oakland and the Port of Oakland in California Superior Court, challenging Oakland International Airport's ACDBE Program, which establishes goals for the percentage of contract awards that should be directed to minority-owned and women-owned business enterprises. See Compl. ¶ 24. Plaintiff alleged that the ACDBE Program violates article I, § 31 of the California Constitution by granting preferential treatment to individuals on the basis of race and sex. See id. ¶ 25. In the complaint, Plaintiff recognized that § 31 contains an exception authorizing race-based governmental action "which must be taken to establish or maintain eligibility for any federal program, where ineligibility would result in a loss of federal funds to the State." Id. ¶ 9 (quoting Cal. Const. art I, § 31(e)).

Defendants filed a demurrer on September 24, 2007, moving to dismiss the action on numerous grounds. Defendants' primary argument in support of its demurrer was that the ACDBE Program is saved by § 31(e)'s exception for actions taken to maintain eligibility for a federal program. See Demurrer 11-14. Plaintiff responded to Defendants' demurrer on November 26, 2007, arguing that the Program does not fall under the § 31(e) exception because Defendants lacked substantial evidence of past discrimination and failed to narrowly tailor the Program to federal requirements in the least discriminatory manner. See Opposition to Demurrer at 8 (citing C & C Const., Inc. v. Sacramento Mun. Utility Dist., 144 Cal. App. 4th 284, 298 (2004)).

Four days later, Defendants filed their notice of removal to this Court pursuant to 28 U.S.C. § 1441(b). Defendants then filed a motion to dismiss, and Plaintiff filed a motion to remand.

**STANDARD OF REVIEW**

There exists a "strong presumption" against removal jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938). Hence, defendants bear the burden of establishing that removal is proper, see Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and

1 federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
2 instance, see Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

### DISCUSSION

To properly remove a case from state to federal court, the defendant is obligated to file a notice of removal within thirty days of receiving either "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or the service of summons if the initial pleading need not be served on the defendant. 28 U.S.C. § 1446(b). An exception to the thirty-day limit exists when "the initial pleading is not removable." Id. In that event, the thirty-day time limitation begins to run upon "receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

Defendants received a copy of Plaintiff's complaint on August 6, 2007. Nevertheless, Defendants did not file a notice of removal until November 30, 2007, after filing a demurrer and well after the expiration of § 1446(b)'s thirty-day time limit. Defendants concede that a removal notice was not filed within thirty days of receipt of Plaintiff's complaint, but argue that removal was timely because federal-question jurisdiction under 28 U.S.C. § 1331 could not be ascertained from the complaint. Rather, only after receiving Plaintiff's Opposition to the demurrer did Defendants realize that Plaintiff's state law claim "turn[s] on substantial questions of federal law," Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005), because resolution of the action turns on whether elimination of the ACDBE Program would result in loss of federal funding.

Assuming arguendo that federal question jurisdiction exists because Plaintiff's claim turns on a substantial question of federal law, remand is still appropriate because an "examination of the four corners" of Plaintiff's complaint, Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 694 (9th Cir. 2005), should have revealed the existence of the "contested and substantial federal question," Grable, 545 U.S. at 313, and removal was therefore untimely. Plaintiff's complaint alleged that the ACDBE Program violates the California Constitution's prohibition on preferential treatment on the basis of race and sex. See Compl.

1 ¶ 24. But the complaint acknowledged that the California Constitution includes an
2 exception, which authorizes race-based governmental action that must be taken to establish
3 or maintain eligibility for any <u>federal</u> program, where ineligibility would result in loss of
4 federal funds to the State.  <u>See id.</u> at 9.  It should have been immediately apparent to the
5 defendants that unless they intended to argue that the ACDBE Program does not
6 discriminate, the case would turn on whether elimination of the program would result in the
7 loss of federal funds.

8 Indeed, in its Demurrer, Defendants' principal argument was that the ACDBE
9 Program is not prohibited by the California Constitution because "the federal government
10 requires the Port to implement the ACDBE Program in order to remain eligible for federal
11 funding for Okaland International Airport development projects."  Demurrer at 12.
12 Defendants' argument that they were not aware of the existence of a federal question until
13 after submission of the Demurrer cannot be squared with the Demurrer itself, which
14 identified that the case turned on a contested question involving federal law.

15 Defendants' assertion that Plaintiff's Opposition to the demurrer was the first pleading
16 from which removability could be ascertained is not credible.  Plaintiff's Opposition merely
17 responded to the arguments in Defendants' Demurrer, explaining, <u>inter alia</u>, that Defendants
18 had not carried their evidentiary burden of proving that the loss of federal funds exception
19 applied.  The Opposition did <u>not</u> set forth any novel arguments, previously concealed, giving
20 rise to federal question jurisdiction.

21 The thirty-day time limit imposed by § 1446(b) plays an integral role in preventing
22 defendants from gaining unfair advantage by forum-shopping after testing the waters of state
23 court.  <u>See</u> <u>Brown v. Demco</u>, 792 F.2d 478, 482 (5th Cir. 1986).  Whatever the motivation
24 for removing this case more than four months after Plaintiff's complaint was filed,
25 Defendants cannot seriously argue that removal was effected less than thirty days after the
26 existence of federal jurisdiction could first be ascertained.  Defendants "lost their opportunity
27 to remove the case when they failed to file a petition for removal within thirty days of the
28 filing of the original complaint"; accordingly, Plaintiff's motion to remand is GRANTED

4

and the case is ordered remanded to state court. <u>Cantrell v. Great Republic Ins. Co.</u>, 873 F.2d 1249, 1256 (9th Cir. 1989).

Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c) for fees incurred in resisting Defendants' removal.  Because the Court does not believe that the standard for awarding attorney's fees as set forth in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005), has been satisfied, the motion for fees is DENIED.

**IT IS SO ORDERED.**



Dated: January 23, 2008

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE